UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHERINE JETTER, and<br>KATHERINE JETTER LTD. d/b/a THE<br>VAULT NANTUCKET,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BOUTIQUE TERE, INC. d/b/a MARISSA<br>COLLECTIONS, JAY HARTINGTON,<br>MARISSA HARTINGTON, and<br>BURT HARTINGTON<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

All Defendants, Boutique Tere, Inc., d/b/a Marissa Collections ("Marissa Collections"), Jay Hartington, Marissa Hartington, and Burt Hartington (collectively, "Defendants"), by and through undersigned counsel, hereby petition this Court for removal of this action from the Commonwealth of Massachusetts Superior Court, Nantucket County, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq*. As grounds for removal, Defendants state as follows:

**Preliminary Statement of Claims**

1.　Plaintiffs, Katherine Jetter and Katherine Jetter LTD. d/b/a The Vault Nantucket ("The Vault") (collectively, "Plaintiffs") filed this action against Defendants in the Commonwealth of Massachusetts, Superior Court, Nantucket County, Civil Action No. 2575CV00021, on May 19, 2025 (the "State Court Action").

2.　In their Complaint, Plaintiffs make allegations of breach of contract – non-competition (Count I), breach of contract – confidentiality (Count II), breach of the implied

covenant of good faith and fair dealing (Count III), tortious interference (Count IV), unfair and deceptive trade practices in violation of M.G.L. c. 93A (Count V), misappropriation of trade secrets in violation of M.G.L. c. 93, §§ 42 - 42G (Count VI), misappropriation of confidential business information (Count VII), conversion (Count VIII), unjust enrichment (Count IX), and for a declaratory judgment (Count X). Plaintiffs have additionally filed an "Emergency Motion for Temporary Restraining Order and, After Hearing, Preliminary Injunction," which has not been acted upon.

## Venue

3.     In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Massachusetts because the State Court Action was filed within this judicial district and division.

## Timeliness of Removal

4.     Defendants were served with a copy of the Complaint on May 21, 2025. A copy of the Complaint is attached hereto as **Exhibit 1**; copies of all other process, pleadings, and orders filed in the State Court Action, including Plaintiffs' pending "Emergency Motion for Temporary Restraining Order and, After Hearing, Preliminary Injunction," "Memorandum in Support" of the foregoing motion, "Request for Short Order of Notice Regarding Its Emergency Motion," Affidavit of John F. Ferraro Esq. in Support of the foregoing motion, correspondence from John F. Ferraro, Esq. requesting issuance of summonses, and summonses, are attached hereto as **Exhibit 2**. *See* 28 U.S.C. § 1446(a).

5.     Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendants' receipt of a copy of the initial pleading through service or otherwise.

**Grounds for Removal - Diversity Jurisdiction**

6. Removal is appropriate under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

7. Plaintiff Katherine Jetter is a citizen of Massachusetts. Exhibit 1, Complaint ("Compl.") ¶ 14.

8. Plaintiff The Vault is incorporated in Delaware and has a principal place of business in Nantucket, Massachusetts. Compl. ¶ 15. The Vault is therefore a citizen of Delaware and Massachusetts.

9. Defendants Jay, Marissa, and Burt Hartington are citizens of Florida. Compl. ¶¶ 17-19.

10. Defendant Marissa Collections is incorporated in Florida. Compl. ¶ 15. Marissa Collections' headquarters or "nerve center" is located in Naples, Florida. Affidavit of Jay Hartington, attached hereto as **Exhibit 3**. Marissa Collections' principle place of business is thus located in Florida, and it is a citizen of Florida.

11. Because Plaintiffs are citizens of Massachusetts and Delaware, and Defendants are citizens of Florida, this Court has original jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship.

12. There is a reasonable probability that the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs have made allegations that they have suffered damages in connection with nine of the ten "Counts" in their Complaint. Comp. ¶¶ 70-121. For example, Plaintiffs make a claim for "conversion" of property, which they allege to have "a suggested retail value of approximately $250,000…" Compl. ¶ 112. Therefore, based upon Plaintiffs' stated claims and the nature of the damages they seek as alleged in the Complaint,

it cannot be stated to a legal certainty that the value of Plaintiffs' claims is below that amount. 28 U.S.C. § 1332(a).

### Proper Notice of Removal

13. As required by 28 U.S.C. § 1446(d), Defendants will promptly file a true and correct copy of their Notice of Removal with the Commonwealth of Massachusetts, Superior Court, Nantucket County, where the State Court Action has been pending. Notice to State Court, attached hereto as **Exhibit 4**.

14. As also required by 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal on the attorneys for Plaintiffs. Notice to Plaintiffs' Attorneys, attached hereto as **Exhibit 5**.

15. Pursuant to Local Rule 81.1(a), Defendants will obtain certified or attested copies of the docket sheet and all pleadings in the State Court Action and will file them in this Court within twenty-eight (28) days.

16. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

17. By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving any defenses and/or grounds for dismissal that may be available to them pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules, including, but not limited to, those related to service of process, sufficiency of process, venue, or jurisdiction. Defendants specifically reserve their rights to assert any defenses and/or objection to which they may be entitled.

WHEREFORE, Defendants remove the State Court Action to this Court's jurisdiction.

Respectfully Submitted,

BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS, JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

By their Attorneys,

*/s/ Damien M. DiGiovanni*
Damien M. DiGiovanni (BBO No. 682005)
Jeffrey T. Collins (BBO No. 640371)
Brendan T. Sweeney (BBO No. No. 703992)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
(617) 523-6666
ddigiovanni@morganbrown.com
jcollins@morganbrown.com
bsweeney@morganbrown.com

**CERTIFICATE OF SERVICE**

I, Brendan T. Sweeney, hereby certify that a copy of the within pleading was served by electronic mail upon counsel at the addresses below this 23rd day of May, 2025:

Aliki Sofis, Esq.
Kathleen Marini, Esq.
John F. Ferraro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
katheleenmarini@quinnemanuel.com
johnferraro@quinnemanuel.com

*/s/ Brendan Sweeney*
Brendan T. Sweeney

5