# Exhibit No. 2

## 2575CV00021 Katherine Jetter Ltd., d/b/a The Vault Nantucket et al vs. Boutique Tere, Inc. (d/b/a) Marissa Collections et al



Case Type:
Equitable Remedies

Case Status:
Open

File Date
05/19/2025

DCM Track:
F - Fast Track

Initiating Action:
Injunction

Status Date:
05/19/2025

Case Judge:

Next Event:
05/27/2025

| All Information | Party | Event | Tickler | Docket | Disposition |

### Party Information

**Katherine Jetter Ltd., d/b/a The Vault Nantucket**
- Plaintiff

Alias

**Party Attorney**
- Attorney
- Ferraro, Esq., John F
- Bar Code
- 711818
- Address
- Quinn Emanuel Urquhart and Sullivan LLP
  111 Huntington Ave
  Suite 520
  Boston, MA 02199
- Phone Number
- (617)712-7100
- Attorney
- Marini, Esq., Kathleen
- Bar Code
- 698420
- Address
- Quinn Emanuel Urquhart and Sullivan, LLP
  111 Huntington Ave
  Suite 520
  Boston, MA 02199
- Phone Number
- (617)712-7125
- Attorney
- Sofis, Esq., Aliki
- Bar Code
- 675777
- Address
- Quinn Emanuel Urquhart and Sullivan LLP
  111 Huntington Ave
  Suite 520
  Boston, MA 02199
- Phone Number
- (617)712-7100

**More Party Information**

**Jetter, Katherine**
- Plaintiff

Alias

**Party Attorney**
- Attorney
- Ferraro, Esq., John F
- Bar Code
- 711818
- Address

5/23/25, 7:53 AM                    Case Details - Massachusetts Trial Court N...

Case 1:25-cv-11491     Document 1-3     Filed 05/23/25     Page 3 of 138

- Quinn Emanuel Urquhart and Sullivan LLP
- 111 Huntington Ave
- Suite 520
- Boston, MA  02199
- Phone Number
- (617)712-7100
- Attorney
- Marini, Esq., Kathleen
- Bar Code
- 698420
- Address
- Quinn Emanuel Urquhart and Sullivan, LLP
- 111 Huntington Ave
- Suite 520
- Boston, MA  02199
- Phone Number
- (617)712-7125
- Attorney
- Sofis, Esq., Aliki
- Bar Code
- 675777
- Address
- Quinn Emanuel Urquhart and Sullivan LLP
- 111 Huntington Ave
- Suite 520
- Boston, MA  02199
- Phone Number
- (617)712-7110

**More Party Information**

**Boutique Tere, Inc. (d/b/a) Marissa Collections**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

**Hartington, Jay**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

**Hartington, Marissa**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

**Hartington, Burt**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/27/2025 11:00 AM | Main Session | Main Courtroom | Hearing on Preliminary Injunction | Buckley, Hon. Elaine M | |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 05/19/2025 | 08/18/2025 | 91 | |
| Answer | 05/19/2025 | 09/16/2025 | 120 | |
| Rule 12/19/20 Served By | 05/19/2025 | 09/16/2025 | 120 | |
| Rule 12/19/20 Filed By | 05/19/2025 | 10/16/2025 | 150 | |
| Rule 12/19/20 Heard By | 05/19/2025 | 11/17/2025 | 182 | |
| Rule 15 Served By | 05/19/2025 | 09/16/2025 | 120 | |
| Rule 15 Filed By | 05/19/2025 | 10/16/2025 | 150 | |
| Rule 15 Heard By | 05/19/2025 | 11/17/2025 | 182 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Discovery | 05/19/2025 | 03/16/2026 | 301 | |
| Rule 56 Served By | 05/19/2025 | 04/14/2026 | 330 | |
| Rule 56 Filed By | 05/19/2025 | 05/14/2026 | 360 | |
| Final Pre-Trial Conference | 05/19/2025 | 09/11/2026 | 480 | |
| Judgment | 05/19/2025 | 03/10/2027 | 660 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/19/2025 | Verified Complaint Electronically Filed | 1 | Image |
| 05/19/2025 | Civil action cover sheet filed. | 2 | Image |
| 05/19/2025 | Plaintiff(s) Katherine Jetter Ltd., d/b/a The Vault Nantucket's EMERGENCY Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction | 3 | Image |
| 05/19/2025 | Katherine Jetter Ltd., d/b/a The Vault Nantucket's Memorandum in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction | 3.1 | Image |
| 05/19/2025 | Affidavit of John F. Ferraro in Support of Plaintiffs' Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction | 3.2 | Image |
| 05/19/2025 | Plaintiff Katherine Jetter Ltd., d/b/a The Vault Nantucket's Request for Short Order of Notice Regarding its Emergency Motion for Temporary Restraining Order and, After Hearing, Preliminary Injunction | 4 | Image |
| 05/19/2025 | Case assigned to: DCM Track F - Fast Track was added on 05/19/2025 | | |
| 05/19/2025 | Claim filed under 93A | | |
| 05/20/2025 | Summons and order of notice issued on a EMERGENCY Motion for a Preliminary Injunction , returnable on 05/27/2025 11:00 AM Hearing on Preliminary Injunction. <br><br>Judge: Buckley, Hon. Elaine M <br>Applies To: Boutique Tere, Inc. (d/b/a) Marissa Collections (Defendant); Hartington, Jay (Defendant); Hartington, Marissa (Defendant); Hartington, Burt (Defendant) | 5 | |
| 05/20/2025 | Plaintiff Katherine Jetter Ltd., d/b/a The Vault Nantucket, Katherine Jetter's Request for summonses | | Image |
| 05/21/2025 | Attorney appearance On this date John F Ferraro, Esq. added for Plaintiff Katherine Jetter Ltd., d/b/a The Vault Nantucket | | |
| 05/21/2025 | SERVICE Returned for Defendant Boutique Tere, Inc, d/b/a Marissa Collections: Service through person in charge / agent; | 6 | Image |
| 05/21/2025 | Attorney appearance On this date Kathleen Marini, Esq. added for Plaintiff Katherine Jetter Ltd., d/b/a The Vault Nantucket | | |
| 05/21/2025 | SERVICE Returned for Defendant Hartington, Marissa: Service through person in charge / agent; | 7 | Image |
| 05/21/2025 | Attorney appearance On this date John F Ferraro, Esq. added for Plaintiff Katherine Jetter | | |
| 05/21/2025 | SERVICE Returned for Defendant Hartington, Jay: Service through person in charge / agent; | 8 | Image |
| 05/21/2025 | Attorney appearance On this date Kathleen Marini, Esq. added for Plaintiff Katherine Jetter | | |
| 05/21/2025 | SERVICE Returned for Defendant Hartington, Burt: Service through person in charge / agent; | 9 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

Case 1:25-cv-11491    Document 1-2    Filed 05/23/25    Page 6 of 138

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2575CV00021 | Massachusetts Trial Court Superior Court | #2 |
|---|---|---|---|



**COUNTY** Nantucket Superior Court (Nantucket)

| Plaintiff   Katherine Jetter Ltd., d/b/a The Vault Nantucket | Defendant   Boutique Tere, Inc. (d/b/a) Marissa Collections |
|---|---|
| ADDRESS:   33 Centre Street | ADDRESS:   1167 3rd St S |
| Nantucket, MA 02554 | Naples, FL 34102 |
| Nantucket County | Collier County |
| Plaintiff:   Katherine Jetter | Defendant:   Jay Hartington, Marissa Hartington, & Burt Hartington |
| ADDRESS:   160 Blandpate Hill Rd | ADDRESS:   1167 3rd St S |
| Newton, MA 02459 | Naples, FL 34102 |
| Middlesex County | Collier County |
| Plaintiff Attorney:   Aliki Sofis, Kathleen Marini, John Ferraro | Defendant Attorney:   Lawrence G. Horsburgh and M. Travis Hayes |
| ADDRESS:   Quinn Emanuel Urquhart & Sullivan, LLP | ADDRESS:   Gunster, Yoakley & Stewart P.A. |
| 111 Huntington Avenue, Suite 520 | 450 East Las Olas Blvd., Suite 1400 |
| Boston, MA 02118 | Ft. Lauderdale, FL, 33301 |
| BBO:   Sofis - 675777; Marini - 698420; Ferraro - 711818 | BBO:   Horsburgh - 679997; Hayes - 27883 (Florida) |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99, D03, BE1 | Contract/Business Torts/ 93A - Damages & Injunctive Relief | F | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES    ☐ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

Filed 05/19/2025

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

    _____

          Subtotal (1-5): _____

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) _____

_____

        TOTAL (A-F):   **DAMAGES TO BE DETERMINED** *(in excess of jurisdictional requirement in M.G.L. c. 212, § 3)*

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

| Business Torts/ 93A |
|---|

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | **Breaches of Contract - Confidentiality & Non-Compete / Implied Covenant** | |
| | Total | DAMAGES TO BE DETERMINED *(in excess of jurisdictional requirement in M.G.L. c. 212, § 3)* |

| Signature of Attorney/Self-Represented Plaintiff: X _/s/ Aliki Sofis_ | Date:   5/19/2025 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

n/a

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____ /s/ Aliki Sofis                Date: _____ 5/19/2025

#3

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss,                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT

---

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE                  Filed 05/19/2025
VAULT NANTUCKET,

                           *Plaintiffs*,

v.                                               2575CV00021
                                                 Civil Action No. _____
BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS,
JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

                           *Defendants*.

---

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND, AFTER HEARING, PRELIMINARY INJUNCTION**

Plaintiffs, Katherine Jetter and Katherine Jetter Ltd. d/b/a The Vault Nantucket

(collectively, "The Vault" and "Plaintiffs") hereby move this Court to enter a temporary restraining

order, and, after hearing, preliminary injunction pursuant to Mass. R. Civ. P. 65(a).

In support of this Motion, Plaintiffs incorporate by reference the following documents filed

contemporaneously herewith:

1.      Plaintiffs' Verified Complaint and Exhibits thereto;

2.      Plaintiffs' Memorandum of Law in Support of Plaintiffs' Emergency Motion for a

Temporary Restraining Order and, After Hearing, Preliminary Injunction;

3.      Affidavit of John F. Ferraro in Support of Plaintiffs' Emergency Motion for a

Temporary Restraining Order And, After Hearing, Preliminary Injunction Exhibits thereto; and

4.      Plaintiffs' Request for Short Order of Notice.

1

**WHEREFORE**, Plaintiffs respectfully request that the Court therefore enter the Proposed

Order attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET

By their attorneys,

_____
Aliki Sofis (BBO# 675777)
Kathleen Marini (BBO# 698420)
John F. Ferraro (BBO# 711818)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
kathleenmarini@quinnemanuel.com
johnferraro@quinnemanuel.com

Dated:  May 19, 2025

## CERTIFICATE OF SERVICE

I, John F. Ferraro, hereby certify that on May 19, 2025, I caused the foregoing document

to be served via email upon counsel for Defendants:


Lawrence G. Horsburgh (Massachusetts BBO # 679997)
Gunster, Yoakley & Stewart, P.A.
450 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
lhorsburgh@gunster.com

M. Travis Hayes, Esq.
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive
Naples, FL 34108
thayes@gunster.com

*Counsel for Defendants*


                                        /s/ *John F. Ferraro*
                                        John F. Ferraro

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss,

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET,

*Plaintiffs*,

v.

BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS,
JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

*Defendants*.

Civil Action No. 2575CV00021
_____

**[PROPOSED] ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND, AFTER HEARING, PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' Motion, as well as Plaintiffs' Memorandum of Law,

Affidavit and Exhibits, and Verified Complaint, the Court hereby ORDERS as follows. Plaintiffs'

Motion for a Preliminary Injunction is set for _____, 2025 at _____.

**THE COURT HEREBY ORDERS THAT** Defendants Boutique Tere, Inc. (d/b/a

Marissa Collections), Jay Hartington, Marissa Hartington, and Burt Hartington, and all those

acting in concert with them, are hereby restrained and enjoined from:

(i)     Utilizing, misappropriating, and/or disclosing any of Plaintiffs' confidential and

trade secret information for any purpose, and Defendants shall return said

information to Plaintiffs within three (3) days of this Order, such that no

confidential or trade secret information remains in Defendants' possession,

custody, or control; in connection with same, Defendants shall not destroy, delete,

1

alter, or otherwise dispose of any files, documents, and digital media that contain or refer to any of Plaintiffs' confidential and trade secret information, and/or that are derived from such information;

(ii)     Opening a store or otherwise competing (including but not limited to engaging in retail sales, marketing or press, trunk shows, events, pop-ups, and/or product promotion) within 50 miles of The Vault's location at 33 Centre Street, Nantucket, MA, 02554, and Defendants shall take down all marketing announcements related to Marissa Collections Nantucket store or retail sales within three (3) days of this Order; and

(iii)    Withholding Plaintiffs' inventory, which is described in Exhibit 8 to Plaintiffs' Motion and the Verified Complaint, and shall return said inventory to Plaintiffs within three (3) days of this Order.

(iv)      Within three (3) days of this Order, Defendants shall certify in writing their full compliance with (i)-(iii) above under the pains and penalties of perjury.

This Order shall remain in effect until the Court rules on Plaintiffs' motion for a preliminary injunction.

**SO ORDERED,**

Dated: _____, 2025

_____
Honorable Judge

2

#3.1

## COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss,

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET,

*Plaintiffs*,

v.

BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS,
JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

*Defendants*.

Filed 05/19/2025

Civil Action No.  2575CV00021
_____

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND, AFTER HEARING, PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

I.    STATEMENT OF FACTS ............................................................................................1

II.   ARGUMENT ..............................................................................................................6

  A.   The Vault Parties Are Likely to Succeed on the Merits. ........................................6

  1.   Defendants Breached the Non-Competition Agreement (Count I)..........................6

  2.   Defendants Breached the Confidentiality Provisions (Count II) ...................................14

  3.   Defendants Misappropriated Trade Secrets (Counts VI and VII)................................15

  4.   Conversion (Count VIII).......................................................................................17

  B.   The Vault Parties Will Suffer Irreparable Harm Absent an Injunction ...........................18

  C.   The Balance of the Equities Favors Plaintiffs and Is In the Public Interest. ....................20

III.  CONCLUSION...........................................................................................................20

## TABLE OF AUTHORITIES

**Page**

## Cases

*Acuity Partners, Inc. v. Kahians Carpet One, Inc.*,
2005 WL 4926912 (Mass. Super. Ct. May 31, 2005) ..................................................... 10

*Alexander & Alexander, Inc. v. Danahy*,
21 Mass. App. Ct. 488 (1986) ............................................................................. 11, 12

*All Stainless, Inc. v. Colby*,
364 Mass. 773 (1974) ............................................................................................ 10

*Aspect Software, Inc. v. Barnett*,
787 F. Supp. 2d 118 (D. Mass. 2011) ........................................................................ 19

*Automile Holdings, LLC v. McGovern*,
483 Mass. 797 (2020) ................................................................................... 7, 10, 11

*Beliveau v. Ware*,
87 Mass. App. Ct. 615 (2015) ................................................................................. 17

*Booth v. Smith*,
2025 Mass. Super. LEXIS 4 (Super. Ct. Jan. 10, 2025) ................................................ 15

*Bos. Sci. Corp. v. Lee*,
2014 WL 1946687 (D. Mass. May 14, 2014) ............................................................ 12, 16

*Boulanger v. Dunkin' Donuts Inc.*,
442 Mass. 635 (2004) ................................................................................... 7, 10, 13

*Cap's Auto Parts, Inc. v. Caproni*,
347 Mass. 211 (1964) ............................................................................................ 10

*Cavanaugh v. McKenna*,
2007 WL 2367556 (Mass. Super. Ct. July 25, 2007) ................................................... 11, 12

*Cypress Group v. Stride & Assocs.*,
2004 Mass. Super. LEXIS 69 (Super. Ct. Feb. 11, 2004) .............................................. 12

*Dynamics Research Corp. v. Analytic Sciences Corp.*,
9 Mass. App. Ct. 254 (1980) ................................................................................... 12

*Ethicon Endo-Surgery, Inc. v. Pemberton*,
2010 WL 7926204 (Mass. Super. Oct. 27, 2010) ........................................................ 19

*Exit 1 Props. Ltd. P'ship v. Mobil Oil Corp.*,
44 Mass. App. Ct. 571 (1998) ................................................................. 11

*Furlong v. Donarumo*,
2013 WL 12527857 (Mass. Super. Ct. May 24, 2013) ............................. 9

*G&L Plumbing, Inc. v. Kibbe*,
699 F. Supp. 3d 96 (D. Mass. 2023) ...................................................... 16

*Genzyme Corp. v. Laidlaw*,
84 Mass. App. Ct. 1134 (2014) .............................................................. 19

*Get In Shape Franchise, Inc. v. TFL Fishers*,
LLC, 167 F. Supp. 3d 173 (D. Mass. 2016) .......................................... 8-9

*HealthDrive Corp. v. Chall*,
2000 WL 33967781 (Mass. Super. Ct. Feb. 9, 2000) ............................. 20

*ISO Claims Partners, Inc. v. Cassavoy*,
2017 WL 2233502 (Mass. Super. Mar. 20, 2017) .................................... 8

*Jet Spray Cooler Inc. v. Crampton*,
377 Mass. 159 (1979).................................................................... 12, 20

*Koshy v. Sachdev*,
477 Mass. 759 (2017) ............................................................................ 19

*Kroeger v. Stop & Shop Cos.*,
13 Mass. App. Ct. 310 (1982).......................................................... 8, 19

*Lombard Med. Techs., Inc. v. Johannessen*,
729 F. Supp. 2d 432 (D. Mass. 2010) .................................................... 10

*Lieber v. President & Fellows of Harvard Coll.*,
488 Mass. 816 (2022)............................................................................... 6

*Marine Contrs. Co. v. Hurley*,
365 Mass. 280 (1974)............................................................................. 10

*Optos, Inc. v. Topcon Med. Sys., Inc.*,
777 F. Supp. 2d 217 (D. Mass. 2011) ............................................. 16, 19

*Peabody v. Norfolk*,
98 Mass. 452 (1868)............................................................................... 20

*Protégé Software Servs., Inc. v. Colameta*,
2012 WL 3030268 (Mass. Super. Ct. July 16, 2012)....................... 8, 15-16

*Rooterman, LLC v. Belegu,*
    2025 WL 1088043 (D. Mass. Apr. 11, 2025) ..................................................................9, 11

*SpeeDee Worldwide, LLC v. Toppa,*
    729 F. Supp. 3d 125 (D. Mass. 2024) ...............................................................8, 9, 18

*Sulmonetti v. Hayes,*
    347 Mass. 390 (1964) ..................................................................................9

*Tobin v. Cody,*
    343 Mass. 716 (1962) .................................................................................10

*TouchPoint Sols., Inc. v. Eastman Kodak Co.,*
    345 F. Supp. 2d 23 (D. Mass. 2004) ..............................................................18

*USM Corp. v. Marson Fastener Corp.,*
    379 Mass. 90 (1979) .............................................................................8, 16

*USM Corp. v. Marson Fastener Corp.,*
    392 Mass. 334 (1984) ...............................................................................12

*Warner-Lambert Co. v. Execuquest Corp.,*
    427 Mass. 46 (1998) ...................................................................................8

*Wells v. Wells,*
    9 Mass. App. Ct. 321 (1980) ................................................................7, 9, 11

*Whitinsville Plaza, Inc. v. Kotseas,*
    378 Mass. 85 (1979) ...................................................................................7

## Statutes & Rules

M.G.L. c. 93, § 42-42G (Massachusetts Trade Secrets Act) ..................................... *passim*

M.G.L. c. 149, § 24L (Massachusetts Noncompetition Agreement Act) ......................................11

Mass. R. Civ. P. 65 ........................................................................................1

Pursuant to Mass. R. Civ. P. 65, Plaintiffs Katherine Jetter and Katherine Jetter Ltd. (d/b/a The Vault Nantucket) ("Plaintiffs" or "The Vault Parties") hereby respectfully request that the Court grant Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction (the "Motion") against Defendants Boutique Tere, Inc. (d/b/a Marissa Collections), Jay Hartington, Marissa Hartington, and Burt Hartington ( "Defendants" or "Marissa Collections Parties"). Emergency relief is necessary because the Marissa Collections Parties—in brazen violation of their contractual obligations—acquired, retained and used The Vault Parties' confidential business information and trade secrets for their own improper purpose: to gain an unfair market advantage and as a roadmap to imminently open a competing store on Nantucket right in The Vault's own backyard—*just 0.2 miles away from The Vault*—despite Defendants' agreement to safeguard Plaintiffs' confidential information and to not compete within a geographically limited 50-mile radius of The Vault's location.

For the reasons detailed below, and supported by the Verified Complaint ("Compl."), The Vault Parties request that the Court enter the Order (attached as Ex. A to the Motion) and enjoin Defendants from: (i) continuing to utilize, misappropriate, or disclose The Vault Parties' confidential business information in any way; (ii) opening a Marissa Collections store on Nantucket, in flagrant violation of the non-compete agreement to which Defendants are bound; and (iii) continuing to hold hostage nearly $250,000 of The Vault Parties' valuable inventory.

## I.    STATEMENT OF FACTS

In the exclusive world of luxury jewelry and accessories, Plaintiff Katherine Jetter has built her business, reputation, vendor relationships, and clientele over years of hard work and success as a couture designer and retailer based on Nantucket, Massachusetts and in Boston, Massachusetts. Compl. ¶¶ 1, 22-23. At The Vault, Ms. Jetter markets and sells her own jewelry line, high-end jewelry from other top designers and vendors, as well as apparel and accessories.

*Id.* ¶¶ 2, 24. Ms. Jetter also holds various trunk shows, events, and "pop-up" shops on Nantucket featuring luxury merchandise. Like many Nantucket businesses, The Vault operates seasonally, with its high season running annually from approximately May through October—correlating with Nantucket's warm weather months. *Id.* ¶ 26.

Marissa Collections is a Florida-based corporation founded and owned by Defendants Marissa and Burt Hartington, with their son Defendant Jay Hartington serving as CEO and partial owner. *Id.* ¶¶ 3, 28. Marissa Collections operates brick-and-mortar stores in Palm Beach and Naples, as well as an online store, that similarly features and sells luxury and high-end jewelry, apparel and accessories, and regularly hosts trunk shows, events, and pop-ups. *Id.* ¶ 28. ***Marissa Collections and The Vault are direct competitors***. *Id.* ¶¶ 30, 59-60. Indeed, The Vault and Marissa Collections largely feature and sell the ***same*** jewelry designers' lines, work with the ***same*** vendors, have ***overlapping*** clientele, and market to the ***same*** target customer base. *Id.* ¶¶ 3, 30.

The Marissa Collections Parties, in direct violation of their contractual obligations, acquired and exploited The Vault Parties' confidential business information and trade secrets for their own improper purpose: to gain a head start and unfair competitive advantage for their own competing venture on Nantucket—a unique geographic area that was otherwise unfamiliar terrain to the Florida natives. *Id.* ¶¶ 4, 7, 35; Exs. 1 & 2. Indeed, Marissa Collections announced on May 9, 2025 that it is imminently opening its Nantucket store just in time for the island's peak season, right in The Vault's own backyard—***just 0.2 miles away from The Vault***—despite Marissa Collections' agreement to not compete within a geographically limited 50-mile radius of The Vault's location. Compl. ¶¶ 4-5, 54-55; Ex. 3 & 4.

Specifically, during detailed discussions about a potential Nantucket business partnership between Marissa Collections and The Vault, the Marissa Collections Parties executed two binding agreements with specific confidentiality provisions and a narrow non-competition clause

2

prohibiting Marissa Collections from competing within 50 miles of The Vault. Compl. ¶¶ 38-44. The agreements were signed by Marissa Collections' CEO Jay Hartington on April 14, 2023 and again on October 23, 2024. *Id.* ¶¶ 5, 40; <u>Exs. 1 & 2</u>.[1] Defendant Jay Hartington also assured Ms. Jetter that Marissa Collections would "never" operate on Nantucket without Ms. Jetter since Nantucket was her "territory." Compl. ¶¶ 5, 41. Jay Hartington is a sophisticated business executive and former investment banker, who drives Marissa Collections' business and also spearheads its jewelry sales and overall marketing. *Id.* ¶ 31-32, 38.

Relying on these contractual safeguards and assurances, Ms. Jetter disclosed The Vault Parties' confidential and proprietary business information including, detailed sales data and forecasts, profit margin models and strategies, employee compensation details, seasonal revenue patterns, and various market analyses and intelligence. *Id.* ¶¶ 6, 45-46. This confidential and trade secret information—developed over years of on-the-ground and hands-on entrepreneurial effort by Ms. Jetter—represents the competitive advantage that has made The Vault a success in the distinct Nantucket market. *Id.* ¶¶ 6, 45-46. In exchange for their contractual promises not to compete and to safeguard the information, Defendants obtained not just operational details about The Vault's business, but comprehensive financial and business analyses that included ***multi-year*** data, which is of ***present and future value*** to a competitor like Marissa Collections, and remains competitively valuable and sensitive for multiple seasonal cycles. *Id.* ¶¶ 7, 46, 59-60.

However, unbeknownst to Ms. Jetter and contrary to Defendants' representations, Defendants had no intention of actually honoring their agreements or pursuing a transaction with The Vault in good faith. Instead, while Ms. Jetter was providing and entrusting Marissa Collections with the crown jewels of her business, Defendants were covertly preparing to establish

---

[1]   Hereinafter referred to as the "2024 Confidentiality & Non-Compete Agreement" (<u>Ex. 1</u>) and the "2023 Confidentiality & Non-Compete Agreement" (<u>Ex. 2</u>).

a competing store on Nantucket, now unfairly and improperly armed with The Vault's and Ms. Jetter's business information. *Id.* ¶¶ 7, 45-46, 48-57. And rather than honor their contractual obligations to return and destroy The Vault Parties' confidential information—as they were required to do under the Confidentiality & Non-Compete Agreements, and as Ms. Jetter has repeatedly requested—Marissa Collections and the Hartingtons have retained this information for improper purposes, conspicuously refusing even to certify its destruction. *Id.* ¶¶ 7, 53.

In the possession of a competitor like Marissa Collections, The Vault Parties' confidential strategies and business intelligence improperly obtained represent ***an immediate and ongoing threat*** to The Vault's operations—particularly as Marissa Collections prepares to launch a storefront within walking distance of The Vault during Nantucket's upcoming peak season, mere months after signing the non-competition agreement. *Id.* ¶¶ 6, 8, 59-60. Moreover, when Ms. Jetter recently unmasked Defendants' duplicity and reminded them of their contractual obligations, she was met with flippant disregard: CEO Jay Hartington made clear that Defendants had zero intent of abiding by the restrictions—the ones to which he agreed not once, but ***twice***, in binding signed contracts. *Id.* ¶¶ 9, 52. Anxious that Ms. Jetter would present an obstacle to their scheme, Defendants unilaterally demanded that she waive her rights under and release Marissa Collections from the Confidentiality & Non-Compete Agreements within less than 24 hours—or else. *Id.* ¶¶ 10, 52. When Ms. Jetter did not capitulate, they escalated their unfair and deceptive tactics, refusing to return nearly $250,000 of Ms. Jetter's jewelry inventory that they held on consignment at Marissa Collections' Palm Beach store—inventory they continue to wrongfully hold hostage to this day despite Ms. Jetter's clear ownership rights, good faith retrieval requests, and express representation that upon delivery, she would promptly return Marissa Collections' associated $40,000 cash deposit via wire within seven (7) days. *Id.* ¶¶ 10, 61-67; *see* <u>Ex. 8</u> (Inventory Report).

Defendants' scheme culminated on May 9, 2025, when Marissa Collections publicly announced plans to open a competing location at 1 Cambridge Street, Nantucket—*just __0.2 miles away__ from The Vault Nantucket's*—and well within the contractually prohibited 50-mile zone of the non-compete restriction (Compl. ¶¶ 11, 54-55; Exs. 3 &4):[2]



*Marissa Collections' Announcement of
2025 Store Opening on Nantucket (Ex. 3)*



*Distance between The Vault and Marissa Collections on Nantucket (Ex. 4)*

After operating from the 1 Cambridge Street location during peak sales season through fall 2025 (including selling inventory from that location, holding events, trunk shows, and pop-ups), Defendants apparently intend to open a permanent brick-and-mortar store on Nantucket, also within a 50-mile radius of The Vault Nantucket's boutique. Compl. ¶ 56. The lightning speed opening, chosen location, and business model of Marissa Collections' Nantucket venture demonstrate Defendants' improper acquisition and use of The Vault Parties' confidential information to gain a competitive market advantage both now and into the future to directly and

---

[2] *See also* Ex. 6 (Defendants' "Application to Historic District Commission, Nantucket, Massachusetts for Certificate of Appropriateness for Erection or Display of a Sign" submitted on or about April 28, 2025 for Marissa Collections' signage).

unfairly compete against Plaintiffs' business; it is no coincidence and it was all done in violation of the 2024 Confidentiality & Non-Compete Agreement and presents imminent and irreparable harm to The Vault Parties. *Id.* ¶¶ 11-12, 59-60.

It is against this backdrop that The Vault Parties seek injunctive relief to prevent imminent and irreparable harm in connection with their claims for: (1) Breach of Contract of the Non-Compete (Count I); (2) Breach of Contract of the Confidentiality (Count II); (3) Misappropriation of Trade Secrets in Violation of M.G.L. c. 93, §§ 42-42G (Count VI); (4) Misappropriation of Confidential Business Information (Count VII); and (5) Conversion (Count VIII).

## II.    ARGUMENT

Under Massachusetts law, a party seeking injunctive relief must establish: (1) a likelihood of success on the merits; (2) that, absent the injunctive relief, the party seeking relief will suffer irreparable harm; (3) the balance of the equities favors granting the relief; and (4) that the injunction is in the public interest. *Lieber v. President & Fellows of Harvard Coll.*, 488 Mass. 816, 821 (2022). Each of these factors heavily favors granting Plaintiffs' injunctive relief.

### A.    The Vault Parties Are Likely to Succeed on the Merits.

#### 1.    Defendants Breached the Non-Competition Agreement (Count I)

The Vault Parties are likely to succeed on the merits of Count I, Defendants' breach of contract of the non-competition agreement. As an initial matter, there can be no legitimate dispute that the Marissa Collections Parties, in exchange for valuable consideration—*i.e.*, unfettered access to The Vault Parties' highly confidential business information—agreed to and executed not one, but ***two contracts*** that expressly state:

- "Recipient [Marissa Collections] *agrees not to compete with the Business within 50 miles* of any location of the Business [The Vault]." Exs. 1 & 2.
- "Recipient [Marissa Collections] agrees to indemnify, hold harmless and not compete with Owner [Ms. Jetter]." *Id.*

6

In assessing enforceability of restrictive covenants, Massachusetts courts analyze whether the covenant is (1) necessary to protect a legitimate business interest; (2) reasonably limited in time and space; and (3) consonant with the public interest. *Automile Holdings, LLC v. McGovern*, 483 Mass. 797, 808-09 (2020). Importantly, as compared to the employment agreement context, Massachusetts courts treat restrictive covenants in the context of a business-to-business transaction with far less exacting scrutiny. *See, e.g.*, *Boulanger v. Dunkin' Donuts Inc.*, 442 Mass. 635, 639 (2004) ("In the context of the sale of a business, courts look less critically at covenants not to compete because they do not implicate an individual's right to employment to the same degree as in the employment context").

The operative 2024 Confidentiality & Non-Compete Agreement, agreed to by a sophisticated business entity—and signed by the CEO of the business, Defendant Jay Hartington—during discussions about a sale or merger of The Vault, is narrowly tailored, lawful, and meets the test for enforceability under Massachusetts law:

***Legitimate Business Interests.*** First, legitimate business interests rendering a non-compete enforceable typically "include protection of trade secrets, confidential information, and good will." *Boulanger*, 442 Mass. at 641 (citing *Marine Contrs. Co. v. Hurley*, 365 Mass. 280, 287 (1974)). The scope of legitimate business interests recognized in a business-to-business setting like this one are even ***broader*** than in the employer-employee context. *See Automile Holdings*, 483 Mass. at 808-09 (in the buyer-seller context of sale of a business, "restrictions 'are not rendered unenforceable merely because they protect an interest we might not recognize in any employment setting.'") (quoting *Wells v. Wells*, 9 Mass. App. Ct. 321, 325 (1980)); *see also Boulanger*, 442 Mass. at 639–40; *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 102-03 (1979).

Here, The Vault Parties' trade secrets, confidential information, and good will are ***all*** implicated. Conditioned upon and in exchange for the express non-compete restriction, The Vault

7

Parties shared with Marissa Collections—a direct competitor—multi-year highly confidential business information, including but not limited to: detailed sales forecasts; gross revenue and gross profits analyses; profit & loss statements; metrics regarding cost of goods; sales projections and business valuations; business strategy plans; vendor lists and information; compilations of historical sales data; detailed information regarding employee salaries and compensation, seasonal compensation, staff housing, and benefits; data regarding public relations and advertising costs; data regarding commissions; and data regarding insurance, shipping, and repair costs and terms; and detailed tax information. Compl. ¶¶ 6, 45-46, 99. *See Protégé Software Servs., Inc. v. Colameta*, 2012 WL 3030268, at *12 (Mass. Super. Ct. July 16, 2012) ("financial information, pricing information, and business plans and strategies" constitute trade secrets); *Kroeger v. Stop & Shop Cos.*, 13 Mass. App. Ct. 310, 316-17 (1982) (trade secrets include "expansion plans and merchandising strategy," and "recent past profitability and present investment strength . . . advertising techniques and marketing devices").[3]

This confidential and proprietary information—developed over years of entrepreneurial effort—represents the competitive advantage that has made The Vault successful in the exclusive and unique Nantucket market, and is precisely the type of information that Massachusetts law recognizes as a protectible business interest supporting enforcement of a restrictive covenant. *SpeeDee Worldwide, LLC v. Toppa*, 729 F. Supp. 3d 125, 130, 132 (D. Mass. 2024) (enforcing non-compete between businesses where trade secrets were at issue); *Get In Shape Franchise, Inc. v. TFL Fishers*, LLC, 167 F. Supp. 3d 173, 199, 207 (D. Mass. 2016) (enforcing non-compete in

---

[3]    While the documents and information The Vault Parties shared with Defendants are quintessential trade secrets for the reasons discussed in Section II(A)(3) below, "[c]onfidential information protectible by a non-compete ***need not rise to the level of a trade secret***." *ISO Claims Partners, Inc. v. Cassavoy*, 2017 WL 2233502, at *4 (Mass. Super. Ct. Mar. 20, 2017) (citing *Warner-Lambert Co. v. Execuquest Corp.*, 427 Mass. 46, 49 (1998) & *USM Corp. v. Marson Fastener Corp.*, 379 Mass. 90, 104 (1979)).

connection with franchise agreement considered analogous to sale of business where trade secrets at issue). And based on Defendants' subterfuge here—receipt of highly confidential business information relating to The Vault's business—and the speedy timing of opening their competing store a literal stone's throw away from The Vault, Defendants are uniquely positioned to usurp The Vault Parties' customer and vendor goodwill and to continue to misappropriate The Vault Parties' confidential information and trade secrets.

***Geographic Scope.*** Second, the 2024 Confidentiality & Non-Compete Agreement's geographic scope is eminently reasonable under the circumstances. It only prohibits Defendants from competing within 50-miles of The Vault. As applied here, 50 miles from The Vault's Nantucket storefront encompasses only the islands of Nantucket and Martha's Vineyard and part of Barnstable County.[4] The provision is ***expressly*** tethered to a reasonable distance around The Vault's physical location and is narrowly tailored to protect The Vault Parties' legitimate business interests and goodwill in the exact local community in which it operates.

A 50-mile radius from The Vault is far from unduly onerous in the business-to-business context, and Massachusetts courts have routinely enforced restrictive covenants with similar scopes. *See, e.g., SpeeDee Worldwide*, 729 F. Supp. at 130 (50-mile radius around storefront); *Rooterman, LLC v. Belegu*, 2025 WL 1088043, at *5 (D. Mass. Apr. 11, 2025) (14 counties across three states); *Sulmonetti v. Hayes*, 347 Mass. 390, 395 (1964) (all of Worcester County); *Wells*, 9 Mass. App. Ct. at 325-26 ("[G]reater New Bedford, Plymouth, and Fall River areas"); *Furlong v. Donarumo*, 2013 WL 12527857, at *6, *16 (Mass. Super. Ct. May 24, 2013) ("Chelsea, Everett, Malden, Charlestown, Revere, Boston, Braintree, Roxbury, Cambridge, Somerville, Medford,

---

[4] Plaintiffs have two locations: a brick-and-mortar on Nantucket and a Boston location for appointments. At issue here is Defendants' store opening within 50 miles of the Nantucket location. However, the Agreement prohibits competition "within 50 miles of ***any location*** of the Business" and therefore would also apply to a 50-mile radius from Plaintiffs' Boston location.

Winthrop"); *Acuity Partners, Inc. v. Kahians Carpet One, Inc.*, 2005 WL 4926912, at * (Mass. Super. Ct. May 31, 2005) (30-mile radius around company's two locations in nearly adjacent towns of Middleborough and Plymouth); *see also Boulanger*, 442 Mass. at 644 ("…where there is a sale of a business, geographic areas can be larger than in an employment context.").[5]

***Temporal Duration.***   Third, with respect to temporal duration, Massachusetts courts similarly provide relaxed scrutiny to the duration of a covenant not to compete when it arises in the business-to-business context, as is the case here.   *Automile Holdings*, 483 Mass. at 809 ("[R]estrictive covenants entered into as part of a sale of a business are examined less critically than those entered into as part of an employment agreement.").   Indeed, Massachusetts courts have held that indefinite or unbounded restrictions may even be permissible.   *Tobin v. Cody*, 343 Mass. 716, 721-22 (1962) (enforcing **permanent** non-compete covering all of Bristol County); *Cap's Auto Parts, Inc. v. Caproni*, 347 Mass. 211, 215 (1964) (enforcing **permanent** non-compete covering two Massachusetts towns).

As discussed *supra*, the restrictive covenant here is centered around protection of The Vault Parties' trade secrets, detailed confidential business information, and goodwill, to which the Marissa Collections Parties were given access and seek to encroach upon.   *See also* Compl. ¶¶ 44-46, 99.   These are legitimate, weighty business interests and—particularly when paired with the narrow geographic limit at issue and against the backdrop of Defendants' unfair conduct and deceptive tactics—the lack of an express time limitation for the non-compete is not unreasonable.

---

[5]   Notably, even under the far more stringent analysis applying to the employer-employee context, Massachusetts courts have upheld restrictions of much greater geographic scope than the 50-mile radius at issue here.   *See, e.g., Lombard Med. Techs., Inc. v. Johannessen*, 729 F. Supp. 2d 432, 439-40 (D. Mass. 2010) (**nationwide** non-competition agreement);   *Marine Contrs.*, 365 Mass. at 289 (100 miles from employer's location, enforced for three years); *All Stainless, Inc. v. Colby*, 364 Mass. 773, 487 (1974) (employee's former sales territory covering New England and New York).

*Cavanaugh v. McKenna*, 2007 WL 2367556, at *2-3 (Mass. Super. Ct. July 25, 2007) (restriction in place for indeterminate time—until a change of the business's management—was acceptable).

In any event, it is well-established in this Commonwealth that should the Court deem the covenant too broad temporally, the remedy is ***not*** to invalidate the entire non-compete, but ***to reform and enforce it to the extent the Court deems reasonable***. *See e.g., Alexander & Alexander, Inc. v. Danahy*, 21 Mass. App. Ct. 488, 498 (1986); *Exit 1 Props. Ltd. P'ship v. Mobil Oil Corp.*, 44 Mass. App. Ct. 571, 576 (1998) (in enforcing a restriction on competition, the court may "adjust the restriction to make it reasonable in the circumstances of the parties at the time they bring the question before the court"); *Rooterman, LLC*, 2025 WL 1088043, at *5 (narrowing temporal scope of non-compete to duration court deemed more reasonable); *Wells*, 9 Mass. App. Ct. at 327 (upholding judge's imposition of 52-month time limit onto sale of business non-compete that originally lacked time limit).  The bottom line is that this Court is fully vested with broad equitable power to reform restrictions if deemed necessary; the SJC has even recognized that there "may be circumstances in which ***extending*** a restrictive covenant beyond its original term may be appropriate." *Automile Holdings*, 483 Mass. at 817-18 (emphasis added).[6]

In light of Plaintiffs' legitimate business interests here and Defendants' conduct, the Court should enforce the non-compete, ***as written***.  However, to the extent the Court determines that there should be a finite temporal limit, the Court should reform the provision of the 2024 Confidentiality & Non-Compete Agreement for ***a minimum of three years***.   Courts have upheld restrictions for similar or longer periods of time than three years. *See, e.g., Alexander & Alexander*,

---

[6]   Massachusetts law's longstanding preference for reforming non-competes, as opposed to not enforcing them altogether, is so well-established that it appears in the 2018 Noncompetition Agreement Act that governs employment agreements. M.G.L. c. 149, § 24L(d) ("A court may, in its discretion, reform or otherwise revise a noncompetition agreement so as to render it valid and enforceable to the extent necessary to protect the applicable legitimate business interests.").

21 Mass. App. Ct. at 497 (five-year restriction acceptable); *Cavanaugh*, 2007 WL 2367556, , at *2-3 (indefinitely, until business had change in management). Under the circumstances here, three years is the minimum amount of time necessary to protect The Vault Parties' legitimate business interests given the nature of the confidential business information Defendants received, the unique seasonality of the business (which runs annually from May through October), and the nature of competition between the parties. Indeed, Defendants obtained not just operational details, but The Vault Parties' comprehensive financial analyses and multi-year data. These materials therefore remain competitively valuable and sensitive for multiple seasonal cycles, and enforcement of the non-compete for at least a three-year period is appropriate and narrowly tailored for the circumstances to protect The Vault Parties' interests. *USM Corp. v. Marson Fastener Corp.*, 392 Mass. 334, 354 (1984) (trade secret retained that designation for 15 years); *Dynamics Research Corp. v. Analytic Sciences Corp.*, 9 Mass. App. Ct. 254, 273 & n.23 (1980) ("Trade secret law is designed to protect a ***continuing competitive advantage***, which a company enjoys due to confidential information it possesses, from destruction due to disclosure by a departed former employee." (emphasis added) (internal quote omitted)).

***Consonant with Public Interest.*** Fourth, the enforcement of the non-competition provision is consistent with Massachusetts' public policy of protecting trade secrets and confidential information, as well as good will. *See, e.g., Jet Spray Cooler Inc. v. Crampton*, 377 Mass. 159, 166 & n.8 (1979) (protection afforded to trade secrets "is grounded on principles of public policy"); *Bos. Sci. Corp. v. Lee*, 2014 WL 1946687, at *7 (D. Mass. May 14, 2014) ("Massachusetts clearly favors strong protections for trade secrets."). Likewise, judicial enforcement of an agreed-upon contract—particularly one agreed to by a sophisticated party like Defendants—is wholly in the public interest. *See, e.g., Cypress Group v. Stride & Assocs.*, 2004 Mass. Super. LEXIS 69, at *12 (Mass. Super. Ct. Feb. 11, 2004) ("Public policy also dictates that

12

agreements that are voluntarily entered into and accepted should be enforced."); *Boulanger*, 442

Mass. at 639 (enforcement of restrictive covenants between businesses recognizes that "courts are

less concerned with unequal bargaining power" as compared to employment context).

<u>***Defendants' Breach.***</u>  Finally, The Vault Parties are likely to succeed in establishing that

Defendants breached the non-compete.  Defendants boldly set up shop just blocks away from The

Vault's Nantucket location—a cool **_0.2-mile_** walking distance—undisputedly and comfortably

within the proscribed 50-mile radius of the 2024 Confidentiality & Non-Compete Agreement:



*Distance between The Vault (33 Centre Street, Nantucket)*
*and Marissa Collections (1 Cambridge Street, Nantucket) (<u>Ex. 4</u>)*

There is also no question that Marissa Collections ***directly competes*** with The Vault, which

is precisely why prior to sharing any sensitive business strategies, Ms. Jetter required Defendants

to contractually promise (twice) that Marissa Collections would not open a store on Nantucket.

Compl. ¶¶ 3, 28-30, 38-45, 48.  Specifically, as detailed and reflected in the Verified Complaint,

The Vault and Marissa Collections both sell luxury jewelry, apparel and accessories, and host

similar events, trunk shows and pop-ups to market and sell their merchandise.  *Id.* ¶ 28-33; <u>Exs. 5

& 7</u> (Representative samples from The Vault's and Marissa Collections' marketing demonstrating

the overlap between specific vendors, designers, marketing styles, and types of events).  The two

retailers largely feature and sell ***the same jewelry designers' lines***, work with the ***same vendors***,

13

have **_overlapping clientele_**, and market to the **_same target customer base_**. Indeed, **_over 80% of_**

**_the designers_** currently carried by The Vault are also carried by Marissa Collections. Compl. ¶¶

3, 30. By entering the Nantucket market, Marissa Collections will compete with The Vault and

unfairly encroach upon the same local market, in breach of the Agreement. *Id.* ¶¶ 8, 54-55, 59-60.

### 2. Defendants Breached the Confidentiality Provisions (Count II)

The Vault Parties are also likely to succeed on the merits of Count II, Defendants' breach

of the confidentiality provisions in the 2024 Confidentiality & Non-Compete Agreement, which

specifically provide that:

- "Recipient **_will not utilize, now or at any time in the future, proprietary information or trade secrets_** that are provided in any manner other than to evaluate a possible transaction with the Business."
- "Recipient **_will not_** utilize this information in the conduct of Recipient's or any other party's present or future business(es) or utilize it **_to enter into or compete with the Business_** or assist any other party to do so."
- "If Recipient decides not to pursue the proposed Transaction, Recipient will advise Owner of this fact and **_return to Owner all Information furnished to Recipient without keeping copies of it_**."

*See* <u>Exs. 1 & 2</u>. Here, Defendants have improperly acquired, retained and refused to return The

Vault Parties' confidential information and trade secrets—this conduct is, in and of itself, a breach

of contract. And, as discussed above with regard to Count I and below with regard to Counts VI

and VII, the information The Vault Parties provided to Defendants is quintessential confidential

business information and trade secrets that cannot be used in furtherance of a competitive venture.

Yet given Defendants' course of conduct in soliciting confidential information from Plaintiffs

based on false pretenses, and then turning around and covertly opening a competing store right in

Ms. Jetter's backyard, which is otherwise unfamiliar territory for them, Plaintiffs also have a high

likelihood of success in establishing Defendants' misuse of Plaintiffs' confidential information, in

further breach of the 2024 Confidentiality & Non-Compete Agreement.

### 3.    Defendants Misappropriated Trade Secrets (Counts VI and VII)

The Vault Parties are also likely to succeed on their claims for violations of Massachusetts' Uniform Trade Secrets Act ("MUTSA") (Count VI), and for common law misappropriation of The Vault Parties' confidential information (Count VIII). "To state a claim for misappropriation of trade secrets, whether at common law or under MUTSA, a plaintiff must allege facts plausibly suggesting that: 1) the information is a trade secret; 2) the plaintiff took reasonable steps to preserve the secrecy of the information; and 3) the defendant used improper means, in breach of a confidential relationship, to acquire and use the trade secret." *Booth v. Smith*, 2025 Mass. Super. LEXIS 4, at *5-6 (Super. Ct. Jan. 10, 2025). The Vault Parties establish each of these elements.

***Existence of Trade Secrets.***    Conditioned on Defendants' contractual obligations to safeguard it, The Vault Parties shared the crown jewels of their business with Defendants— confidential and proprietary information including, as described above, the detailed sales forecasts, financial information, business strategy compilations, and vendor lists and information. *See supra* p. 8 (full list); Compl. ¶¶ 45, 99. The Vault Parties have a substantial likelihood of success in establishing that the business information shared with Defendants constitutes trade secrets. The Vault is an independently owned and operated business run by Ms. Jetter, with a small group of employees. The detailed information and documents The Vault Parties provided the Marissa Collections Parties are not known outside of The Vault's business, and are textbook examples of protectible trade secrets under Massachusetts law. *Id.* ¶ 99. This muti-year information and the compilation thereof have independent and significant value in the highly exclusive and unique Nantucket market; indeed, this information provides a detailed roadmap for Marissa Collections' Nantucket store, giving an outside competitor, a distinct and wholly improper economic advantage and head start in an otherwise unfamiliar territory. M.G.L. c. 93, § 42(4) (protecting compilations of information including business strategies and financial and customer data); *Protégé Software*

*Servs.*, 2012 WL 3030268, at *12 ("financial information, pricing information, and business plans and strategies" constitute trade secrets*); G&L Plumbing, Inc. v. Kibbe*, 699 F. Supp. 3d 96, 105 (D. Mass. 2023) (trade secret "need not have the novelty that is requisite for a patent, it must only confer a competitive advantage on its possessor.").

**_Reasonable Steps to Protect._**  The Vault Parties have taken various, reasonable precautions to protect the documents and information at issue.  These materials have been consistently maintained in strict confidence: only a select group of individuals employed or retained by Ms. Jetter have access, and only on a strictly need-to-know basis.  Compl. ¶ 47.  Moreover, The Vault Parties require confidentiality agreements—**_like the one at issue here_**—prior to any disclosure of sensitive business information, and The Vault Parties implement both physical and technological safeguards to maintain secrecy over the information and data. *Id.* ¶ 38-44, 47. *See Bos. Sci. Corp.*, 2014 WL 1946687, at *4 (confidentiality agreement weighs in favor of finding information to be trade secret); *USM Corp.*, 379 Mass. at 99 (confidentiality agreement is relevant factor in determination of whether information is trade secret).

**_Improper Means to Obtain._**  Finally, Defendants used improper means to obtain The Vault Parties' trade secrets, and have retained it ever since.  Improper means includes "without limitation, misrepresentation, […] breach or inducement of a breach of a confidential relationship or other duty to limit acquisition, [and] disclosure or use of information […]" M.G.L. c. 93, §§ 42(1).  "As a matter of law, an individual who **_breaches contractual duties_** to obtain trade secrets has used improper means." *Optos, Inc. v. Topcon Med. Sys., Inc.*, 777 F. Supp. 2d 217, 240 (D. Mass. 2011) (emphasis added). As detailed in the Verified Complaint, while Ms. Jetter was providing and entrusting Marissa Collections with her business's highly sensitive information, books & records, and strategies, Marissa Collections and its Founders and CEO were simultaneously stringing along Plaintiffs and scheming to establish their own competing store on

Nantucket, for which The Vault's trade secrets provided an unfair competitive advantage. Compl. ¶¶ 49-55. And rather than honor their contractual obligations to return and destroy The Vault Parties' confidential information as Ms. Jetter has repeatedly requested, Marissa Collections and the Hartingtons have kept it all for themselves for an improper use. Compl. ¶ 53. Based on these unfair bait-and-switch tactics, misrepresentations, and contractual breaches, The Vault Parties are likely to succeed in establishing the "improper means" element of Counts VI and VIII.

### 4.     Conversion (Count VIII)

Finally, Plaintiffs are likely to succeed on the merits of their conversion claim and therefore specifically seek equitable relief regarding Defendants' continued unlawful retention of The Vault Parties' valuable and unique inventory, worth at least $250,000, which Defendants continue to hold hostage without any legitimate basis.

A claim for conversion arises when a defendant "intentionally or wrongfully exercise[s] acts of ownership, control or dominion over personal property to which he has no right of possession at the time." *Beliveau v. Ware*, 87 Mass. App. Ct. 615, 618 (2015) (citation omitted). Here, The Vault Parties only provided Defendants with *temporary* possession of their inventory subject to consignment to act as a vendor; The Vault Parties retained legal ownership of the property at all times. Compl. ¶ 62.; Ex. 8 at 3 (Inventory Report reflecting that title remains with Plaintiff Katherine Jetter Ltd. and inventory "is to be returned to me on demand"). After discovering Defendants' conduct, The Vault Parties ended the consignment arrangement and demanded return of the inventory (multiple times over), terminating Defendants' right to possession. Defendants are not marketing or selling the inventory,[7] but have refused to return

---

[7]     Compl. ¶ 66. *See also* Ex. 10 (***March 2025*** version of Marissa Collections' Website including Ms. Jetter and her jewelry *versus **current May 2025*** website, reflecting Marissa Collections has removed Ms. Jetter's jewelry).

Plaintiffs' property without any legal basis and despite Ms. Jetter's verification that the consignment deposit she held from Marissa Collections would be returned via wire. Defendants are intentionally and wrongfully holding the inventory hostage, depriving Plaintiffs of their property and sales of the inventory, constituting the tort of conversion.

**B.    The Vault Parties Will Suffer Irreparable Harm Absent an Injunction**

Irreparable harm is certain absent injunctive relief. The Marissa Collections Parties plan to open their competing Nantucket store imminently, advertising their grand opening for June 27, 2025. Compl. ¶¶ 54-55. Moreover, after operating from the 1 Cambridge Street location during peak sales season through fall 2025 (including selling inventory from that location, holding events, trunk shows, and pop-ups), Defendants apparently intend to open a permanent brick-and-mortar store on Nantucket, within a 50-mile radius of The Vault's boutique. Absent the Court's intervention, the Marissa Collections Parties will be free to unlawfully and imminently compete against The Vault—throughout this 2025 high season and into the future—in violation of the non-compete, armed with Plaintiffs' misappropriated trade secrets and confidential information.

As a threshold matter, Massachusetts law establishes that the Court may presume that immediate and irreparable harm will result when—as is the case here, *see* Section II(A)(3)—the plaintiff establishes a likelihood of success on the merits of a misappropriation claim. M.G.L. c. 93, § 42A(a) ("***Actual or threatened misappropriation*** may be enjoined upon principles of equity . . . upon a showing that information qualifying as a trade secret has been or ***is threatened*** to be misappropriated.") (emphases added). The presumption of irreparable harm recognizes that a "trade secret once lost is, of course, lost forever." *TouchPoint Sols., Inc. v. Eastman Kodak Co*., 345 F. Supp. 2d 23, 32 (D. Mass. 2004). This presumption is appropriate where, as here, the trade secrets are possessed by a competitor. *See also SpeeDee Worldwide*, 729 F. Supp. 3d at 131 ("When a plaintiff demonstrates likelihood of success on a misappropriation of trade secrets claim,

18

it need not prove irreparable injury because such harm is presumed."); *see also Ethicon Endo-Surgery, Inc. v. Pemberton*, 2010 WL 7926204 (Mass. Super. Ct. Oct. 27, 2010) ("The disclosure of trade secrets or confidential information would cause irreparable harm to [plaintiff]. It is not necessary to pinpoint a specific amount of damages that [plaintiff] would suffer.") (citing *Kroeger*, 13 Mass. App. Ct. at 322). Indeed, "[a]s a general rule, ***a breach of non-compete agreement tied to trade secrets*** concerns triggers a finding of irreparable harm." *Aspect Software, Inc. v. Barnett*, 787 F. Supp. 2d 118, 130 (D. Mass. 2011) (emphasis added).

The Marissa Collections' operation of a competing store mere blocks away from The Vault implicates unfair competition via their irreparably harmful access to and misuse of The Vault Parties' confidential trade secrets. Given the difficulty—if not impossibility—of quantifying any unfairly lost market share and usurped goodwill of vendors, customer relationships, sales, events, and marketing opportunities that will result, particularly in light of the significant overlap between the parties' vendors and customer base and target clientele—injunctive relief is warranted. *See Optos, Inc.*, 777 F. Supp. 2d at 241; *Koshy v. Sachdev*, 477 Mass. 759, 770 (2017) (loss of good will and harm to "customer relationships" can constitute irreparable harm); *Kroeger*, 13 Mass. App. Ct. at 322 ("[T]he task of quantifying the consequences of violating a non-competition clause is a particularly difficult and elusive one."); *Genzyme Corp. v. Laidlaw*, 84 Mass. App. Ct. 1134, at *2 (2014) (Rule 1:28 decision) ("The inability to predict market developments, hence to quantify the impact of the prohibited competition . . . is a well-recognized attribute of irreparable harm.").

The Vault Parties also face irreparable harm with respect to the conversion claim (Count VIII). The inventory that Defendants have tortiously converted includes custom and one-of-a-kind pieces and investment-grade gems/diamonds, which The Vault Parties are entitled to have returned. Defendants' holding hostage of unique inventory, particularly heading into ***peak*** retail season on Nantucket, presents imminent harm via its immediate impact to Plaintiffs' business.

**C.    The Balance of the Equities Favors Plaintiffs and Is In the Public Interest.**

The balance of equities strongly favors The Vault Parties, which acted in good faith, relied upon Defendants' representations, and provided their sensitive business information pursuant to contractual obligations they trusted Defendants would honor.   Any purported hardship to Defendants is far outweighed by the imminent harm facing The Vault Parties. Defendants are sophisticated parties who willingly entered into the Agreements (twice), *expressly* assenting to not compete on Nantucket and agreeing to the utmost protection of The Vault Parties' confidential information and trade secrets.   Moreover, given the narrow scope of the non-compete, Defendants are free to establish stores *anywhere else in the world*, except within just 50 miles of The Vault's two Massachusetts locations. And Defendants cannot claim any "hardship" with respect to returning The Vault Parties' inventory, which Defendants have no basis to continue to wrongfully possess.   Finally, the public interest is best served by the Court's enforcement of the Agreement. Massachusetts public policy favors fair and ethical dealing in business, in protecting trade secrets, and in enforcing reasonable and lawful restrictions.   *HealthDrive Corp. v. Chall*, 2000 WL 33967781, at *5 (Mass. Super. Ct. Feb. 9, 2000) (covenant not to compete that is reasonable in scope does not harm public interest). Moreover, contracts like the 2024 Confidentiality & Non-Compete Agreement serve a vital purpose in Massachusetts business law—they protect legitimate business interests while enabling companies to safely engage in meaningful discussions about potential transactions.   *See Jet Spray Cooler*, 377 Mass. at 166 & n.8 ("The protection which we afford to trade secrets against one who wrongfully uses them is grounded on principles of public policy to which we have adhered since *Peabody v. Norfolk*, 98 Mass. 452, 457 (1868).").

**III.    CONCLUSION**

For the reasons set forth herein, The Vault Parties respectfully request the Court grant this Motion for a Temporary Restraining Order and, After Hearing, a Preliminary Injunction.

Respectfully submitted,

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET

By their attorneys,

_____
Aliki Sofis (BBO# 675777)
Kathleen Marini (BBO# 698420)
John F. Ferraro (BBO# 711818)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
kathleenmarini@quinnemanuel.com
johnferraro@quinnemanuel.com

Dated:  May 19, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Ferraro, hereby certify that on May 19, 2025, I caused the foregoing document

to be served via email upon counsel for Defendants:


Lawrence G. Horsburgh (Massachusetts BBO # 679997)
Gunster, Yoakley & Stewart, P.A.
450 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
lhorsburgh@gunster.com

M. Travis Hayes, Esq.
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive
Naples, FL 34108
thayes@gunster.com

*Counsel for Defendants*


<u>/s/ *John F. Ferraro*</u>
John F. Ferraro

#3.2

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss,

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET,

*Plaintiffs*,

v.

BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS,
JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

*Defendants*.

Filed 05/19/2025

Civil Action No. 2575CV00021
_____

**AFFIDAVIT OF JOHN F. FERRARO, ESQ. IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND, AFTER HEARING, PRELIMINARY INJUNCTION**

I, John F. Ferraro, Esq., being duly sworn, do hereby depose and state the following to the

best of my personal knowledge:

1.    I am an associate at the law firm of Quinn, Emanuel, Urquhart & Sullivan, LLP,

and together with Aliki Sofis, Esq. and Kathleen Marini, Esq. represent Plaintiffs Katherine Jetter

and Katherine Jetter Ltd. (d/b/a The Vault Nantucket) in the above-captioned matter.

2.    This affidavit is filed in support of Plaintiffs' Emergency Motion for a Temporary

Restraining Order and, After Hearing, Preliminary Injunction.

3.    Attached as <u>Exhibit 1</u> is a true and correct copy of the agreement (hereinafter, "2024

Confidentiality & Non-Compete Agreement") dated October 23, 2024 signed by Defendant Jay

Hartington.

1

4.      Attached as <u>Exhibit 2</u> is a true and correct copy of the agreement (hereinafter, "2023 Confidentiality & Non-Compete Agreement") dated April 14, 2023 signed by Defendant Jay Hartington.

5.      Attached as <u>Exhibit 3</u> is a true and correct copy of Marissa Collections' May 9, 2025 public Instagram post.

6.      Attached as <u>Exhibit 4</u> is a true and correct copy of a Google Maps image reflecting the location of The Vault Nantucket and Marissa Collections' Nantucket store.

7.      Attached as <u>Exhibit 5</u> are true and correct representative samples of Marissa Collections' public Instagram posts.

8.      Attached as <u>Exhibit 6</u> is a true and correct copy of Marissa Collections' "Application to Historic District Commission, Nantucket, Massachusetts for Certificate of Appropriateness for Erection or Display of a Sign," dated April 28, 2025.

9.      Attached as <u>Exhibit 7</u> are true and correct representative samples of The Vault Nantucket's public Instagram posts.

10.      Attached as <u>Exhibit 8</u> is a true and correct copy of an Inventory Report prepared by Plaintiffs of inventory held by Defendants and respective Manufacturer's Suggested Retail Prices.

11.      Attached as <u>Exhibit 9</u> are true and correct copies of Plaintiffs' invoices to Defendants dated April 4, 2025, and February 20, 2025.

12.      Attached as <u>Exhibit 10</u> are true and correct copies of Marissa Collections' website as of March 20, 2025; March 29, 2025; and May 17, 2025.

Signed under the penalties of perjury on May 19, 2025.

/s/ *John F. Ferraro*
John F. Ferraro

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Ferraro, hereby certify that on May 19, 2025, I caused the foregoing document

to be served via email upon counsel for Defendants:


Lawrence G. Horsburgh (Massachusetts BBO # 679997)
Gunster, Yoakley & Stewart, P.A.
450 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
lhorsburgh@gunster.com

M. Travis Hayes, Esq.
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive
Naples, FL 34108
thayes@gunster.com

*Counsel for Defendants*


/s/ *John F. Ferraro*
John F. Ferraro

# EXHIBIT 1

One-Step Confidentiality and Warranty Agreement

To induce the **owner of the business (the "Business")** described as **Katherine Jetter LTD DBA The Vault Nantucket ("Owner")** to furnish information regarding the Business (the **"Information"**) to the undersigned (**"Recipient"**) for Recipient's **evaluation** of a **transaction (the "Transaction")** with the Business and in consideration for Owner providing the Information, Recipient agrees and warrants to Owner as follows:

The Recipient as used herein shall mean and include the undersigned, individually, and as a member of any entity as an employee, partner, stockholder, officer, director, agent, adviser, consultants, manager, member, or any other capacity whatsoever.

The Information, as used herein shall include all verbal, electronic, and written data, reports, records, or materials obtained from Owner. **Recipient will not disclose any of the Information to any party other than persons within Recipient's organization,** or independent advisers, who have a need to know such Information for the purpose of evaluating a possible transaction with the Business. Recipient agrees to be responsible for the compliance of these other parties with all provisions of this agreement.

If Recipient decides not to pursue the proposed Transaction, Recipient will advise Owner of this fact and return to Owner all Information furnished to Recipient without keeping copies of it.

Recipient agrees to keep confidential that the Business is considering a transaction, or that any discussions are taking place concerning a possible transaction involving the Business.

**Recipient will not contact the Owner's employees, customers, suppliers, landlord or agents, for any reason whatsoever without the** prior written consent of Owner.

Recipient will not utilize, now or at any time in the future, proprietary information or trade secrets that are provided in any manner other than to evaluate a possible transaction with the Business. Recipient will not utilize this information in the conduct of **Recipient's or any other party's present or future business(es) or utilize it to enter into or compete with the Business or** assist any other party to do so.

Recipient agrees that any warranties or representations of Owner for the Information provided will only be made in subsequent Agreements in connection with the Transaction. Recipient accepts sole and final responsibility for the evaluation of the Information and all other factors relating to the Business.

Recipient represents that Recipient has sufficient resources to complete the Transaction on market terms. Recipient agrees to provide, upon request by Owner, financial statements, credit reports, references, and other pertinent information evidencing such financial sufficiency.

Recipient agrees to indemnify, hold harmless and not compete with Owner, including their respective agents, representatives, and employees from and against any and all claims, liabilities, actions, causes of action, and damages, arising from or relating to any injury or loss attributed to actions, omissions, wrongful conduct or other breach of this Agreement by Recipient, which indemnification shall include, without limitation, reimbursement of **attorney's fees** and expenses incurred by Owner in connection therewith.

Recipient agrees not to compete with the Business within 50 miles of any location of the Business.

This agreement shall be governed by the laws of the Commonwealth of Massachusetts. If any part of this agreement is held to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

Company Name: _Mirror Collections_ Address: _1167 Third St S_ City, State, Zip: _Naples FL 34102_

Tel: _____ Cell: ███████ Email: _____

Authorized Signature (Title): _____ (CEO) Date: _10/21/24_

# EXHIBIT 2

**BayState Business Brokers**
One-Step Confidentiality and Warranty Agreement
Return via Fax: 617-562-5701 or Email: info@mabusinessbrokers.com

The undersigned (the "Recipient") acknowledges that BayState Business Brokers (the "Broker"), 60 Kendrick Street, Suite 206, Needham, MA 02494 has been engaged to represent the Owner of the Business described as **Katherine Jetter LTD DBA The Vault Nantucket ("Owner")**. To induce Broker and Owner to furnish information regarding the Business (the "Information") to Recipient for Recipient's evaluation and possible joint venture with the Business and in consideration for Broker and Owner providing the information, Recipient agrees and warrants to Broker, and Owner as follows:

The Recipient as used herein shall mean and include the undersigned, individually, and as a member of any entity as an employee, partner, stockholder, officer, director, agent, adviser, consultants, manager, member, or any other capacity whatsoever. The Information as used herein shall include all verbal, electronic, and written data, reports, records, or materials obtained from the Broker or the Owner. Recipient will not disclose any of the Information to any party other than persons within Recipient's organization, or independent advisers, who have a need to know such Information for the purpose of evaluating the possible joint venture with the Business. Recipient agrees to be responsible for the compliance of these other parties with all provisions of this agreement.

If Recipient decides not to pursue the proposed acquisition, Recipient will advise Broker of this fact and return to Broker all Information furnished to Recipient without keeping copies of it. Recipient agrees to keep confidential that the Business is for sale, or listed for sale, or that any discussions are taking place concerning a possible sale of the Business. Recipient will not contact the Owner's employees, customers, suppliers, landlord or agents, other than Broker, for any reason whatsoever without the prior written consent of the Broker. Recipient will not utilize, now or at any time in the future, proprietary information or trade secrets that are provided in any manner other than to evaluate a possible joint venture with the Business. Recipient will not utilize this information in the conduct of Recipient's or any other party's present or future business(es) or utilize it to enter into or compete with the Business or assist any other party to do so.

The Information furnished, and to be furnished, is provided by Owner, or based on representations of the Owner, and Broker has made no investigation of it. Recipient releases Broker from any liability or responsibility in connection with the accuracy, completeness, or any other aspect of the Information provided. Recipient agrees that any warranties or representations of the Owner for the Information provided will only be made in subsequent Agreements in connection with the joint venture with the Business. Recipient accepts sole and final responsibility for the evaluation of the Information and all other factors relating to the Business.

Recipient acknowledges and understands that the Broker is acting as the agent of the Owner and that Broker's primary duty is to represent the interests of the Owner. Recipient will present all offers for the business through Broker and conduct all negotiations on any proposed transaction through Broker. Recipient agrees not to take any actions that could interfere with or hinder the collection of Broker's fees in connection with this transaction. Recipient irrevocably appoints Broker to hold all Recipient deposits presented as part of an offer to purchase the Business. Recipient represents that Recipient has sufficient resources to complete the transaction for the asking price and terms. Recipient agrees to provide, upon request by Broker or Owner, financial statements, credit reports, references, and other pertinent information evidencing such financial sufficiency.

The Recipient agrees to indemnify, hold harmless and not compete with the Broker, Co-Broker, and Owner, including their respective agents, representatives, and employees from and against any and all claims, liabilities, actions, causes of action, and damages, arising from or relating to any injury or loss attributed to actions, omissions, wrongful conduct or other breach of this Agreement by Recipient, which indemnification shall include, without limitation, reimbursement of attorney's fees and expenses incurred by the Broker and/or Owner in connection therewith. Recipient agrees not to compete with the Business within 50 miles of any location of the Business.
This agreement shall be governed by the laws of the Commonwealth of Massachusetts. If any part of this agreement is held to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

**Agreement for this business only: The Vault, Nantucket.**

**Be sure to fill in this form completely. Edited or incomplete forms will cause a delay in processing.**

Cash available for a down payment on a loan to buy the business: $_____  Net Worth: $_____  Credit Score: _____

Any disqualification for financing? _____  Current Job: _CEO_

Related experience for this business: _CEO of Marisa Collections_

Others involved in decision: _____  When do you want to own? _____

Name: _JM HARTINGTON_    Address: _1167 Third street S_  City, State, Zip: _Naples, FL, 34102_

Tel: ▮▮▮▮▮▮▮  Cell: ▮▮▮▮▮▮▮  Email: _jayhartinglon@marisa-collections.com_

Signature: _[signature]_    Date: _4/14/23_

BayState Business Brokers · 60 Kendrick Street, Suite 206, Needham, MA 02494, 617-562-5700

# EXHIBIT 3



May 9, 2025 post from Marissa Collections' public Instagram
account, @shopmarissacollections, *available at
https://www.in-stagram.com/p/DJctmyoP0s_/*

# EXHIBIT 4



Distance between The Vault (33 Centre Street, Nantucket) and
Marissa Collections (1 Cambridge Street, Nantucket)

# EXHIBIT 5



May 8, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DJZMG5NvYj3*



April 22, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DIv--4WNLLa*



May 11, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DJctmyoP0s_/*



March 14, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DHL6lQyRjUF*



February 7, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/reel/DFydUcBPnBN*



April 27, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DI9Eq7IhLrF*



April 26, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DI6f6sGOAHU*



April 26, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DI6f6sGOAHU*

March 27, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/reel/DIItqrrhyiES*



April 27, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DI9Eq7IhLrF*

April 23, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DIyjvC_P8oW*



March 4, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/reel/DGyomNxvDdh*

March 19, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DHYn2KHshk1*



February 20, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available*
*at https://www.instagram.com/reel/DGTjfcpP4CU*



May 8, 2025 post from Marissa Collections' public
Instagram account, @shopmarissacollections, *available
at https://www.instagram.com/p/DJZMG5NvYj3*

# EXHIBIT 6

Certificate No. _____          Date Issued _____

## APPLICATION TO HISTORIC DISTRICT COMMISSION
### Nantucket, Massachusetts for
# CERTIFICATE OF APPROPRIATENESS
### for Erection or Display of a
# SIGN

Application is hereby made for the issuance of a Certificate of Appropriateness under Section 7 of Chapter 394, Acts and Resolves of Massachusetts 1970, for erection or display of an occupational or other sign as described below and on drawings and photographs accompanying this application.

TAX MAP #: _42.3.1_    PARCEL #: _130.2_
Street & Number of Proposed Sign: _1 CAMBRIDGE ST_
Owner of Building: _ZERO INDIA STREET LLC_
Mailing Address: _121 KERCHEVAL AVE._
_GROSSE POINTE FARMS, MI_
Telephone: _____ (on island) _482.36_ (off island)
I hereby authorize the agent named below to act on my behalf to make changes in the specifications or the plans contained in this application in order to bring the application into compliance with the HDC guidelines.

_____
Signature of Owner of Record

### Agent/Owner of Business
Name: _LINK 02554_
Mailing Address: _PO BOX 1009_
_NANTUCKET, MA 02554_
Telephone: _(508) 221-8299_ (on island) _____ (off island)

<table>
<tr><td colspan="2"><b>FOR OFFICE USE ONLY</b></td></tr>
<tr><td>Date application received: _____</td><td>Fee Paid: $ _____</td></tr>
<tr><td colspan="2">Must be acted on by: _____</td></tr>
<tr><td colspan="2">Extended to: _____</td></tr>
<tr><td>Approved: _____</td><td>Disapproved: _____</td></tr>
<tr><td colspan="2">Chairman: _____</td></tr>
<tr><td colspan="2">Member: _____</td></tr>
<tr><td colspan="2">Member: _____</td></tr>
<tr><td colspan="2">Member: _____</td></tr>
<tr><td colspan="2">Member: _____</td></tr>
<tr><td colspan="2">Notes – Comments – Restrictions – Conditions:</td></tr>
</table>

RECEIVED
APR 2 8 2025
By _____

**A. TYPE OF SIGN**
1. Wall Sign
2. Projecting Sign *(circled)*
3. Window Sign
4. Temporary Sign
5. Flag Sign
6. Fence Sign
7. Other (specify) _____

**B. MATERIAL**
1. Wood (not plywood) *(circled)*
2. Other (specify) _____

**C. EDGING DETAILS**
1. Edgebanding
2. Moulding
3. Beveled *(circled)*
4. Other (specify) _____

**D. LETTER TYPE**
1. Applied
2. Painted
3. Incised
4. Carved *(circled)*

**E. FINISH**
1. Lettering
   a. Gold Leaf
   b. Paint *(circled)*
2. Ground
   a. Paint *(circled)*
   b. Sand Paint
3. Edgebanding
   a. Paint
   b. other (specify) _____
4. Moulding
   a. Paint
   b. other (specify) _____

**F. COLOR(S)**
1. Lettering _WHITE_
2. Ground _PINK_
3. Edgebanding _____
4. Moulding _____

**G. WORDING ON SIGN**
_MARISSA COLLECTIONS_
_____
_____
_____

**H. SIZE OF SIGN** _24"H_ x _36"W_

**I. SHAPE OF SIGN** _RECTANGLE_

**J. LOCATION OF SIGN ON BUILDING**
_(1) SMALL @ DOOR ON CAMBRIDGE ST_
_WOULD LIKE ADDT'L (2) N. UNION ST_

**K. TYPE OF SUPPORT BRACKETS**
_SEE PHOTO_

**L. TYPE OF LIGHTING AND LOCATION (if any)**
_N/A_

Date: _4/28/25_    Signature of Applicant _____    Signed under penalties of perjury

Town and County of Nantucket, MA

April 28, 2025



**Property Information**

Property ID  9584
Location  1 CAMBRIDGE ST
Owner  ZERO INDIA STREET LLC

MAP FOR REFERENCE ONLY
NOT A LEGAL DOCUMENT

Town and County of Nantucket, MA makes no claims and no
warranties, expressed or implied, concerning the validity or
accuracy of the GIS data presented on this map.

Geometry updated 10/16/2024
Data updated Jan. 2021

Print map scale is approximate.
Critical layout or measurement
activities should not be done using
this resource.

RECEIVED
APR 28 2025

@ CAMBRIDGE ST. DOOR









# EXHIBIT 7



May 16, 2025 post from The Vault's Instagram account, @thevaultnantucket, *available at https://www.insta-gram.com/p/DJuWx8nxaaD/*



May 1, 2025 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at https://www.instagram.com/p/DJHeslwTErw*



April 25, 2025 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at* *https://www.instagram.com/p/DI4B6n4uX25*



August 8, 2024 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at https://www.instagram.com/p/C-bFpkxP1gm*





"Special Events", The Vault Nantucket, *available at https://www.thevaultnantucket.com/pages/special-events*



May 2, 2025 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at*
*https://www.instagram.com/p/DJKG7-RTOE6*



April 5, 2025 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at* *https://www.instagram.com/p/DIEiBNdSBFY*

 



At The Vault Nantucket, not only do we sell couture jewelry, but we also offer designer apparel for women. These garments are ideal for everyday wear as well as for lounging or working out. They're also a great way to showcase your personal style.

We offer a range of apparel items and accessories, including tank tops, t-shirts, sweatpants, pajamas, leggings, phone cases, Ring Hero wristbands and more. Choose from various colors, sizes and fun designs. Buying designer wear online from us means you're adding quality garments to your wardrobe.

Designer apparel is the perfect way to treat yourself. It also makes a luxurious gift for friends and family members. You can easily search for the right pieces with our search functions: Just select the categories you want and start shopping!

## Why Choose Our Online, Couture Boutique?

Every woman deserves cozy, lavish attire. The Vault Nantucket is your one-stop shop for the chic fashionista. We offer beautiful apparel and accessories made from high-quality materials by designers and brands such as Angie Crabtree, Chakra Girl and Ring Hero. Each piece allows you to tell your story.

Browse designer wear for ladies or KJ's Picks today!



thevaultnantucket.com

"Accessories", The Vault Nantucket, *available at* *https://www.thevaultnantucket.com/collections/accessories*



December 23, 2024 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at*
*https://www.instagram.com/p/DD7NXTZs9U2/*



May 7, 2025 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at
https://www.instagram.com/reel/DJXJPE6xhNq/*



April 9, 2025 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at https://www.instagram.com/p/DIO1MqmS5Sd*



April 3, 2025 post from The Vault Nantucket's public Instagram account, @thevaultnantucket, *available at* *https://www.instagram.com/p/DH_YkZ-SMnb*



November 9, 2024 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at*
*https://www.instagram.com/p/DCKOUoOhrOn*

June 18, 2024 post from The Vault Nantucket's public Instagram account, *@thevaultnantucket, available at https://www.instagram.com/p/C8XcghYSELN*



September 9, 2024 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at*
*https://www.instagram.com/p/C_tuZHHSoUV*



April 4, 2024 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at*
*https://www.instagram.com/p/C5WajxAsrer*



August 8, 2024 post from The Vault Nantucket's public
Instagram account, @thevaultnantucket, *available at
https://www.instagram.com/p/C-bFpkxP1gm*

# EXHIBIT 8

ORDER #:

| COMPANY | BUYER | BILLING ADDRESS | SHIPPING ADDRESS |
|---|---|---|---|
| | Name | | |
| **AGENT** | Email | | |
| Alexandra Tillson | Phone | | |
| alexandra@katherinejetter.com | Fax | | |

| CUSTOMER PO | SHIP DATE | CANCEL DATE | SHIP METHOD | TERMS |
|---|---|---|---|---|
| | | | | |

| SHIPPING INSTRUCTIONS | COMMENTS | |
|---|---|---|
| | | **TOTAL QUANTITY** |
| | | 25 |
| | | **TOTAL AMOUNT** |
| | | 249,515.00 USD |

| | STYLE | DESCRIPTION | | HS CODE | COUNTRY | QTY | PRICE | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | EDH-MINI 015 | Mini Tanzanite Origami Hoops | | | | | 9,020.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 9,020.00 | 9,020.00 |
| | BR22-Tan zDia | Tanzanite Origami Bangle | | | | | 16,400.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 16,400.00 | 16,400.00 |
| | ER-C23-4 A | Celestial Moonstone Earrings | | | | | 10,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 10,800.00 | 10,800.00 |
| | HCE-YWP | White South Sea Pearl Half Cage Earrings (Yellow Gold) | | | | | 7,480.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,480.00 | 7,480.00 |
| | ER-TT2 | Large Tanzanite and Blue Enamel Earrings | | | | | 4,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 4,800.00 | 4,800.00 |
| | ER-C19-2 4 | Opal Line Earrings | | | | | 7,700.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,700.00 | 7,700.00 |
| | ER21-Opa l1.47 | Baby Orbit Studs | | | | | 3,200.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 3,200.00 | 3,200.00 |

| | STYLE | DESCRIPTION | | HS CODE | COUNTRY | QTY | PRICE | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | KJ-GBR_6.5 | Diamond and Green Rhodium Band Ring | | | | | 7,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,800.00 | 7,800.00 |
| | KJ-BBR_6 | Diamond and Blue Rhodium Band Ring | | | | | 7,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,800.00 | 7,800.00 |
| | KJ-PBR_7 | Diamond and Pink Rhodium Band Ring | | | | | 7,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,800.00 | 7,800.00 |
| | BR22-Aqua3 | Aquamarine Origami Bangle | | | | | 16,400.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 16,400.00 | 16,400.00 |
| | BR22-ITDia | Imperial Topaz Origami Bangle | | | | | 16,400.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 16,400.00 | 16,400.00 |
| | ER20-50PT2 | Diamond Orbit Earrings | | | | | 18,700.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 18,700.00 | 18,700.00 |
| | ER15-EP1 | Muzo Emerald, Pearl and Diamond Fan Earrings | | | | | 9,440.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 9,440.00 | 9,440.00 |
| | KJCN-R | Rose Gold & Diamond Cage Station Necklace | | | | | 7,480.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,480.00 | 7,480.00 |
| | CBSE-RTP | Tahitian Pearl Chain Basket Earrings | | | | | 6,600.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 6,600.00 | 6,600.00 |
| | CBRE-Y | Cage Bar Earrings | | | | | 7,900.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 7,900.00 | 7,900.00 |
| | SCPY-16 | Mini Cage Pendant in Yellow Gold (16") | | | | | 2,785.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 2,785.00 | 2,785.00 |
| | BR22-Rub AAA | Graffiti Rubellite Origami Bangle | | | | | 19,800.00 MSRP | |
| | OPTION | | UNIT | | | | | |
| | | | 1 | | | 1 | 19,800.00 | 19,800.00 |

| | STYLE | DESCRIPTION | HS CODE | COUNTRY | QTY | PRICE | TOTAL |
|---|---|---|---|---|---|---|---|
|  | EDH-013 | Pink Sapphire and Seed Pearl Hoops with Pink R hodium | | | | 9,800.00 MSRP | |
| | **OPTION** | **UNIT** | | | | | |
| | | 1 | | | 1 | 9,800.00 | 9,800.00 |
|  | EDH-011 | Purple Sapphire Origami Hoops | | | | 15,620.00 MSRP | |
| | **OPTION** | **UNIT** | | | | | |
| | | 1 | | | 1 | 15,620.00 | 15,620.00 |
|  | R26-Morg 9.35 | Morganite Heart Ring | | | | 34,800.00 MSRP | |
| | **OPTION** | **UNIT** | | | | | |
| | | 1 | | | 1 | 34,800.00 | 34,800.00 |
|  | 19RC-01 | Rock Crystal Quartz Spheres | | | | 330.00 MSRP | |
| | **OPTION** | **UNIT** | | | | | |
| | | 3 | | | 3 | 330.00 | 990.00 |
| | | | **Quantity** | | **25** | | **249,515.00 USD** |

BY SIGNING BELOW, YOU AGREE TO THE TERMS OF SALE

Date _____

**TERMS OF SALE**

The merchandise described herein is delivered to you on MEMORANDUM only, at your risk of loss, or damage from all hazards, whether by theft, robbery, fire or otherwise. Title to said merchandise is and shall remain in Katherine Jetter Ltd. and is held by the undersigned subject to my order, the delivery thereof being for the purpose of inspection only, and is to be returned to me on demand. It is understood and agreed by the undersigned that nothing contained in this memorandum shall be construed to be, nor has there otherwise been an extension of credit to the undersigned. The undersigned has no right to transfer the said merchandise to any other person, firm or corporation, whether on memorandum or otherwise, without the WRITTEN permission of Katherine Jetter Ltd. Sale of this merchandise can only be effected and title will pass only if, as, and when Katherine Jetter Ltd., the said owner, shall agree to such sale and a bill of sale rendered thereof. All the above is binding on us, regardless of prior transactions.

# EXHIBIT 9

# ⚜ KATHERINE JETTER

Unpaid



Katherine Jetter Ltd
C/O Cathy Brown

Tel:

April 4th, 2025

Marissa Collections
1167 3rd Street S
Naples, FL 34102

Invoice # 7/07/2531

### Memo Invoice - 7/07/2531

| STYLE | DESCRIPTION | WHOLESALE COST |
|---|---|---|
| CHERRY-ERBLK | Chocolate dipped" cherry earrings, 14K yellow gold, black enamel. | ▇▇▇ |
| BR22-PURPLE | Sapphire Mix of Blues, Purples (5.74ct), Diamonds (1.06ct) Origami Bangle in 18K Yellow Gold. | ▇▇▇ |
| BR22-AQUA3 | Custom Cut Aquamarine Baguettes (5cts) and Diamond Melee (1.12cts) Origami Bangle in 18K Yellow Gold. | ▇▇▇ |
| | **Total Sales** | $18,763.00 |
| | **Less 5% Vendor Marketing Fee** | $938.15 |
| | **Total** | $17,824.85 |

We greatly appreciate your business!
Please send check to above address made out to Katherine Jetter Ltd.
Net 30 Days.

UNPAID


# KATHERINE JETTER

Katherine Jetter Ltd
C/O Cathy Brown

Tel ████████████

February 20, 2025

Marissa Collections
1167 3rd Street S
Naples, FL 34102

Invoice 7/07/2532

**Memo Invoice 7/07/2532**

| STYLE | DESCRIPTION | WHOLESALE COST |
|-------|-------------|----------------|
| Custom | Chain extender exchange for Large Cherry Necklace | ████ |
| | Shipping | ████ |
| | **Total** | **$475.00** |

We greatly appreciate your business!
Please send check to above address made out to Katherine Jetter Ltd.
Net 30 Days.

# EXHIBIT 10

March 20, 2025 Marissa Collections Website
List of Designers (including Katherine Jetter)
*https://web.archive.org/web/20250320234739/https:/marissacollections.com/pa ges/designers#expand*

HOME  /  DESIGNERS

categories

**ALL**
WOMEN
MEN
FINE JEWELRY
FASHION JEWELRY
ACCESSORIES
HOME
BEAUTY
SUSTAINABLE
PRE-ORDER

all a b c d e f g h i j k l m n o p q r s t u v w x y z 0-9

## a

AGLER
ADAM LIPPES
ADEAM
ADORE ADORN
AGUA BY AGUA BENDITA
AJE
ALAÏA
ALANUI
ALBERTA FERRETTI
ALEJANDRA ALONSO ROJAS
ALÉMAIS
ALEXANDER LAUT
ALEXANDER MCQUEEN
ALEXANDRE BIRMAN
ALEXANDRE VAUTHIER
ALEXIA CONNELLAN
ALEXIS
ALEXIS BITTAR
ALEX PERRY
ALICE & OLIVIA
ALLUDE
ALTUZARRA
AMA PURE
ANANYA
ANATOMETAL
ANDRES OTALORA
ANITA KO
ANNA QUAN
ANTONINO VALENTI

## h

HARWELL GODFREY
HERNO
HERVE LEGER
HONORINE
HOORSENBUHS
HUISHAN ZHANG

## i

ILFIUM WING
INBAR
IN THE MOOD FOR LOVE
IRENE NEUWIRTH JEWELRY
ISABELLE FA

## j

JACQUIE AICHE
JADA LOVELESS
JADE TRAU
JAKETT
JANAVI INDIA
JANE CARR
JANESSA LEONE
JAPED LEHR
JBG
JEFFREY LEVINSON
JENNA BLAKE

## p

PAMELLA ROLAND
PAOLA SIGHINOLFI
PAOLITA
PARIS TEXAS
PARULINA
PATBO
PEDRO GARCIA
PERFECT MOMENT
PESERICO
PETER COHEN
PETER PILOTTO
PHILLIPS HOUSE
PHILOSOPHY
PIERRE HARDY
PIRANESI
POOLSIDE
PRADA

## q

## r

RABANNE
RACHEL GILBERT
RAFFAELLO BETTINI
RAG & BONE
RALPH LAUREN

ANDIE
AQUAZZURA
ARMA
ARTESANO
ARUNASHI
ASPESI
ASPIGA
ASSAEL
ASTON STUDIO
AUGUSTINUS BADER
AVENUE MONTAIGNE
AV8
AZLEE

## b

BADGLEY MISCHKA
BAGGINS
BALENCIAGA
BALMAIN
BAYCO
BEA BONGIASCA
BEATRIZ CAMACHO
BERNADETTE
BIBI VAN DER VELDEN
BIRD & KNOLL
BIZZOTTO
BLISS LAU
BLUMARINE
BOCHIC
BORGO DE NOR
BOTTEGA VENETA
BOUNKIT JEWELRY
BRANDON MAXWELL
BRENT NEALE
BRUNELLO CUCINELLI
BUDDHA MAMA
BVLA
BYREDO
BYTIMO

## c

CADAR
CADDIS
CALLAS MILANO
CAMILLA

JIMMY CHOO
JOHANNA ORTIZ
JOHN VARVATOS
JOSLIN STUDIO
JUAN CARLOS OBANDO
JUDITH LEIBER
JUNE79
JW ANDERSON

## k

KATHERINE JETTER
KAUNIT & SHARBAT
KOBAT

## l

L'AFSHAR
L'AGENCE
LA DOUBLEJ
LAMARQUE
LAMBERTO LOSANI
LANVIN
LAPOINTE
LA PRESTIC OUISTON
LARKSPUR & HAWK
LAUREN RUBINSKI
LE GRAMME
LE NINE
LE SUPERBE
LEIGH MAXWELL
LELA ROSE
LEO LIN
LESSE
LINGUA FRANCA
LISA BAYER
LITTLE ONES
LIZZIE FORTUNATO
LIZZIE FORTUNATO FINE
LOEFFLER RANDALL
LOGAN HOLLOWELL
LOQUET
LORAEDA
LOREE RODKIN
LUCIFER VIR HONESTUS
LUISA BECCARIA
LUIS MORAIS

RAY-BAN
REDLINE
REEM ACRA
REPOSSI
RETROFETE
RETROUVAI
RHODE
RIVIERAS
RIVERS EIGHT
ROBERTO CAVALLI
ROBERTO DEMEGLIO
ROBINSON PELHAM
RODARTE
ROEN
ROKSANDA
ROLAND MOURET
ROSIE ASSOULIN
RUCHI NEW YORK

## s

SABLYN
SABOO FINE JEWELS
SAHYAA
SAINT LAURENT
SALONI
SARA BATTAGLIA
SARA ROKA
SARA WEINSTOCK
SELIM MOUZANNAR
SELF-PORTRAIT
SENSI STUDIO
SERGIO ROSSI
SERFÙ
SEVAN BICAKCI
SHAY JEWELRY
SIDNEY GARBER
SILVIA FURMANOVICH
SILVIA TCHERASSI
SINKHAI
SINGLE STONE
SISLEY
SMYTHE
SOLACE LONDON
SONIA RYKIEL
SOPHIA WEBSTER
SOPHIQUE

KARA CARA
KAROLINA BUCCI
KAROLINA HERRERA
KAROLINA X
CAROL KAUFFMANN
CASEY PEREZ
CASIO
CASTANER
CASTRO SMITH
CATHERINE REGEHR
CELINE DAOUST
CHARO RUIZ IBIZA
CHLOÉ
CHARITY LYNN
CITIZENS OF HUMANITY
CLERGERIE
COGNI
COSTABELLOS
CREED
CULT GAIA

## d

DANA REBECCA DESIGNS
DAVID WEBB
DEE OCLE
DENISE CASSOU
DES PHEMMES
DEVON WOODHILL
DEZSO BY SARA BELTRAN
DIBA COSMETICS
DMN KRIS
DOLCE & GABBANA
DOROTHEE SCHUMACHER

## e

EDEN PRESLEY
EDIE PARKER
EERA
ELAINE KIM
ELEVEN67
ELIE SAAB
EMILY P WHEELER
ERDEM
ERES
ERMANNO SCERVINO
ETRO
EUGENIA KIM
EYECHILL, LLC

## f

FANTASIA BY DESERIO
FEDERICA TOSI
FENDI
FERNANDO JORGE
FEXIE
FEZTMAN JEWEL
FOR FUTURE REFERENCE
FOUNDRAE
FRAME DENIM
FRED LEIGHTON
FULLORD

## g

GABRIELA HEARST
GALVAN LONDON
GAS BIJOUX
GGDB08
GEMFIELDS X MUSE
GIACCA LUSSO
GIAMBATTISTA VALLI
GIANVITO ROSSI
GIGI BURRIS MILLINERY
GIGI CLOZEAU
GIVENCHY
GOLDEN GOOSE
GOSHWARA
GRACE WINFREY
GRAZILLA
GRETA CONSTANTINE
GUCCI
GUL HURGEL
GURHAN

## m

MAISON COMMUN
MAJESTIC FILATURES
MAKI OPERA?
MANOLO BLAHNIK
MANSUR GAVRIEL
MANTU
MARCHESA
MARCHESA NOTTE
MARCO BICEGO
MARIA TASH
MARIANI
MARIE LICHTENBERG
MARINA B
MARISSA COLLECTIONS
MARISSA DIAMONDS
MARK CROSS
MARC DAVIS
MARKARIAN
MARLA AARON
MARNI
MAROLLES ALMEIDA
MARY KATRANTZOU
MARY SMALLWOOD
MASON & BOOKS
MATTIA CIELO
MAX MARA
MAYGEL CORONEL
MEERY MU
MELISSA KAYE
MEREDITH YOUNG
MESSIKA
MICHAEL KORS COLLECTION
MICHELLE WILNTE
MIGUELINA
MINNIE ROSE
MIRANOVA
MISSONI
MIZUKI
MODERN MOOD
MOKSH
MONICA RICH KOSANN
MONICA SORDO
MONIQUE L'HUILLIER
MOREAU
MORITZ GLIK
MOTHER
MYSTIQUE

## n

NAEEM KHAN
NANS
NEOMETAL
NEVERMORE
NICHOLAS KIRKWOOD
NIKOS KOULIS
NOUVEL HERITAGE

## o

ODESH
OF RARE ORIGIN
OLIVER PEOPLES
ONOYH
ORLEBAR BROWN
ORLY MARCEL
OROTON
OSCAR DE LA RENTA

SORELLINA
SPANX
SPINELLI KILCOLLIN
SPINNAN
STATE PROPERTY
STMIG
STEFERE
STEPHANIE ANGERS XD
STELLA MCCARTNEY
STREETS AHEAD
STUBROWN
SUNBUNCH
SUPER SMALLS
SUSAN BENDER
SUTRA
SUZANNE KALAN
SYDNEY EVAN
SYLVA & CIE
SYLVIA TOLEDANO

## t

TAMARA COMOLLI
TAMMY FENDER
TANYA FARAH
TEMPERLEY LONDON
TEMPTATION POSITANO
TEN THOUSAND THINGS
THE LOVE KNOT
THE SEI
TODD REED
TONY DUCHETTE
TWP

## u

UELA JOHNSON
UNCOMMON MATTERS
UNIFORM OBJECT

## v

VALERIE KHALFON
VAN
VAN PALMA
VANESSA BRUNO
VEJA
VERDURA
VERONICA BEARD
VERSACE
VHERNIER
VICTORIA BECKHAM
VICTOR VELYAN
VIKTOR & ROLF
VINCE
VINTNERS DAUGHTER
VRA
VRAM

## w

WALTERS FAITH
WANDLER
WE EAT AVOCADO TOAST
WENDY YUE
WESTMAN ATELIER
WITH LOVE
WOLFORD

## x

## y

YEPREM JEWELLERY
YI COLLECTION
YVEL

## z

ZAHN Z
ZEYNEP ARCAY
ZIMMERMANN
ZOE CHICCO
ZONDA NELLIS

## 0-9

64 FACETS

**get marissa mail**

STAY CONNECTED WITH US VIRTUALLY

| SHOP NOW | CLIENT SERVICES | CONTACT US | MARISSA COLLECTIONS | PARTNER |
|----------|-----------------|------------|---------------------|---------|
| DESIGNERS | LOGIN | CALL US: 1-800-581-6641 | WHO WE ARE | ME GIVES BACK |
| NEW & NOW | REGISTER | EMAIL US | EVENTS | AFFILIATE PINK PROGRAM |
| WOMEN | PAYMENT AND SHIPPING | | OUR STORES | |
| MEN | RETURNS | EXPERIENCE | OUR EXPERTS | |
| THE JEWELRY GALLERY | PRIVACY POLICY | GET PRICED | REVIEWS | |
| SALE | ACCESSIBILITY | LINK UP WITH LUXE | PRESS | |

March 29, 2025 Marissa Collections Website
Katherine Jetter Jewelry
*https://marissacollections.com/collections/fine-jewelry?page=1&rb_vendor=KATHERINE JETTER*
*(Webpage now disabled)*



# fine jewelry

| NEWEST | ⌄ |
|---|---|

## Filters

KATHERINE JETTER ✕

Reset filters

**CATEGORY**                                                              +

**AVAILABILITY**                                                          +

**DESIGNER**                                                              —

☐ GRACE WINFREY ²⁷

☐ GRAZIELA ³³

☐ GURHAN ¹⁰

☐ HARWELL GODFREY ³³

☐ HOORSENBUHS ¹²

☐ INBAR ¹

☑ KATHERINE JETTER ²⁷

**Show more**

CE                                                                        +

STONE

SHOE SIZE                                          +

ALL JEWELRY                                        +

Curated Fine Jewelry | Fine Jewelry Gallery – Marissa Collections







### katherine jetter
PURPLE SAPPHIRE ORIGAMI
HOOP EARRINGS
**$15,620**

### katherine jetter
ROCK CRYSTAL QUARTZ CAGE
STONE
**$330**

### katherine jetter
TAHITIAN PEARL CHAIN
BASKET EARRINGS
**$6,600**

### katherine jetter
CELESTIAL MOONSTONE
EARRINGS
**$10,800**

### katherine jetter
WINGED "LOVE" NECKLACE
**$4,900**

### katherine jetter
LARGE TANZANITE BLUE
ENAMEL STUD EARRINGS
**$4,800**





Katherine Jetter Fine Jewelry | Fine Jewelry Gallery - Marissa Collections



**katherine jetter**
MINI ORIGAMI HOOP EARRINGS
**$9,020**

**katherine jetter**
MORGANITE HEART RING
**$34,800**

**katherine jetter**
EMERALD TIK TOK EARRINGS
**$14,800**





**katherine jetter**
DIAMOND RHODIUM RING -
GREEN
**$7,800**

**katherine jetter**
TANZANITE ORIGAMI BANGLE
**$16,400**

**katherine jetter**
SMALL DIAMOND CAGE BAR
EARRINGS
**$7,900**








## katherine jetter

WHITE SOUTH SEA PEARL HALF
CAGE EARRINGS

**$7,480**

## katherine jetter

PINK TOURMALINEDIAMOND
ORBIT EARRINGS

**$18,700**

## katherine jetter

OPAL AND BLUE ENAMEL
EARRINGS

**$3,200**







## katherine jetter

IMPERIAL TOPAZ ORIGAMI
BANGLE

**$16,400**

## katherine jetter

MIXED SHAPE OPAL LINE
EARRINGS

**$7,700**

## katherine jetter

MINT GREEN TOURMALINE
WHITE ENAMEL RING

**$18,200**









Case 1:25-cv-11491    Document 1-2    Filed 05/22/25    Page 110 of 138



RUBELLITE & DIAMOND
ORIGAMI BANGLE
**$19,800**

EMERALD PEAR FAN EARRINGS
**$9,440**
ONE-OF-A-KIND

DIAMOND AND BLUE E-
COATING BAND RING
**$7,800**





**katherine jetter**

DIAMOND AND PINK E-
COATING BAND RING
**$7,800**

**katherine jetter**

SMALL TUMBLED TURQUOISE
NUGGET
**$400**

**katherine jetter**

MINI CAGE PENDANT - YELLOW
GOLD
**$2,785**






Date Filed 5/19/2025 11:09 AM
Superior Court - Nantucket
Docket Number 5/19/2025 11:47 PM

katherine jetter    katherine jetter    katherine jetter



AS FAMILY-OWNED BOUTIQUE, WE ARE PROUD TO OFFER OUR CUSTOMER A CURATED COLLECTION OF FINE JEWELRY FROM RENOWNED DESIGNERS. WE WORK WITH DISTINGUISHED FINE JEWELRY DESIGNERS, INCLUDING ANITA KO, SARA WEINSTOCK, CULT GAIA, AND MANY OTHERS. FOR AN EFFICIENT SHOPPING EXPERIENCE, YOU CAN REFINE YOUR SEARCH BY UTILIZING THE FILTER FEATURES. OUR LUXURY JEWELRY CAN BE SEPARATED BY AVAILABILITY, DESIGNER, PRICE, STONE, COLOR, AND JEWELRY SIZE. BROWSE OUR FINE JEWELRY GALLERY TO VIEW OUR EARRINGS, NECKLACES, BRACELETS, AND RINGS IN MORE DETAIL. FOR OUR CUSTOMERS' CONVENIENCE, WE OFFER FREE SHIPPING AND FREE RETURNS ON ALL OF OUR CURATED JEWELRY. PLEASE VISIT OUR BOUTIQUE IN NAPLES, FLORIDA, OR SHOP OUR WEBSITE FOR MORE DETAILS ABOUT OUR CURATED FINE JEWELRY. TO SPEAK WITH A STYLIST, PLEASE CALL US AT 800-581-6641.

## get marissa mail

STAY CONNECTED WITH US VIRTUALLY

Email                    SIGN UP

SHOP FASHION

CUSTOMER SERVICE

CONTACT US

MARISSA COLLECTIONS

PARTNER

EXPERIENCE

Current Marissa Collections Website (with Katherine Jetter removed)
*https://marissacollections.com/pages/designers*



ALL   WOMEN   MEN   FINE JEWELRY   FASHION JEWELRY   ACCESSORIES   HOME   BEAUTY   SUSTAINABLE   PRE-ORDER

a  b  c  d  e  f  g  h  i  j  k  l  m  n  o  p  q  r  s  t  u  v  w  x  y  z  0-9

ACLER

ADAM LIPPES

ADEAM

ADORE ADORN

AGUA BY AGUA BENDITA

AJE

ALANUI

ALAÏA

ALBERTA FERRETTI

ALEJANDRA ALONSO ROJAS

ALÉMAIS

ALEX PERRY

ALEXANDER LAUT

ALEXANDER MCQUEEN

ALEXANDRE BIRMAN

ALEXANDRE VAUTHIER

ALEXIA CONNELLAN

ALEXIS

ALEXIS BITTAR

ALICE & OLIVIA

ALLUDE

ALTUZARRA

AMA PURE

ANANYA

DISCOVER TOP FINE JEWELRY D

marissa

ANTONINO VALENTI

ANTONIO BERARDI

ANYA HINDMARCH

AQUAZZURA

ARMA

ARTESANO

ARUNASHI

ASPESI

ASPIGA

ASTON STUDIO

AUGUSTINUS BADER

AVENUE MONTAIGNE

AVI-8

AZLEE

BADGLEY MISCHKA

BAGGINS

BALENCIAGA

BALMAIN

BAYCO

BEA BONGIASCA

BEATRIZ CAMACHO

BECK JEWELS

BERNADETTE

BIBI VAN DER VELDEN

BIRD & KNOLL

BIZZOTTO

BLISS LAU

BLUMARINE

BOCHIC

BORGO DE NOR

BOTTEGA VENETA



Date Filed 5/19/2025 11:09 AM
Superior Court - Nantucket
Docket Number

Fashion Designer Clothes | Top Designer Brands | Marissa Collections

BOUNKIT JEWELRY

BRANDON MAXWELL

BRENT NEALE

BRUNELLO CUCINELLI

BUDDHA MAMA

BVLA

BYREDO

BYTIMO

CADAR

CADDIS

CALLAS MILANO

CAMILLA

CARA CARA

CARBON & HYDE

CAROL KAUFFMANN

CAROLINA BUCCI

CAROLINA HERRERA

CAROLINA K

CASEY PEREZ

CASIO

CASTAÑER

CASTRO SMITH

CATHERINE REGEHR

CÉLINE DAOUST

CHARO RUIZ IBIZA

CHLOÉ

CHRISTY LYNN

CITIZENS OF HUMANITY

CLERGERIE

COOMI

CORNELIANI

COSTARELLOS

CREED

CULT GAIA

DANA REBECCA DESIGNS

DAVID WEBB



DEL CORE

DENISE CASSOU

DES PHEMMES

DEVON WOODHILL

DEZSO BY SARA BELTRAN

DMA COSMETICS

DMN PARIS

DOLCE & GABBANA

DOROTHEE SCHUMACHER

EDEN PRESLEY

EDIE PARKER

EÉRA

ELAINE KIM

ELEVENTY

ELIE SAAB

CASEY PEREZ JEWELRY

EMILY P WHEELER

ERDEM

ERES

ERMANNO SCERVINO

ETRO

EUGENIA KIM

EYECHILL, LLC

EÉRA

FANTASIA BY DESERIO

FEDERICA RETTORE

FENDI

FERNANDO JORGE

FIGUE

FOR FUTURE REFERENCE

FOUNDRAE

FRAME DENIM

FRED LEIGHTON

FULLORD

GABRIELA HEARST

GALVAN LONDON



GAS BIJOUX

GEDEBE

GEMFIELDS X MUSE

GIACCA LUSSO

GIAMBATTISTA VALLI

GIANVITO ROSSI

GIGI BURRIS MILLINERY

GIGI CLOZEAU

GIVENCHY

GOLDEN GOOSE

GOSHWARA

GRAZIELA

GRETA CONSTANTINE

GUCCI

GUL HURGEL

GURHAN

HARWELL GODFREY

HERNO

HONORINE

HOORSENBUHS

HUISHAN ZHANG

ILIUM WING

IN THE MOOD FOR LOVE

INBAR

IRENE NEUWIRTH JEWELRY

ISABELLE FA

JACQUIE AICHE

JADA LOVELESS

JADE TRAU

JAKETT

JANAVI INDIA

JANE CARR

JANESSA LEONE

JBQ

JEFFREY LEVINSON

JENNA BLAKE



JENNIFER FISHER

JENNIFER MEYER

JENNY PACKHAM

JIMMY CHOO

JOHANNA ORTIZ

JOHN VARVATOS

JOSLIN STUDIO

JUAN CARLOS OBANDO

JUDITH LEIBER

JUNE79

JW ANDERSON

KAVANT & SHARART

KWIAT

L'AGENCE

L'AFSHAR

LA DOUBLEJ

LA PRESTIC OUISTON

LAMARQUE

LANVIN

LAPOINTE

LARKSPUR & HAWK

LAUREN RUBINSKI

LE GRAMME

LE NINE

LE SUPERBE

LEIGH MAXWELL

LELA ROSE

LEO LIN

LESSE

LINGUA FRANCA

LISA BAYER

LITTLE ONES

LIZZIE FORTUNATO

LIZZIE FORTUNATO FINE

LOEFFLER RANDALL

LOGAN HOLLOWELL



LOQUET

LORAIDA

LOREE RODKIN

LUCIFER VIR HONESTUS

LUIS MORAIS

LUISA BECCARIA

L'AFSHAR

MAISON COMMON

MAJESTIC FILATURES

MAKEUPDROP

MANOLO BLAHNIK

MANSUR GAVRIEL

MANTÙ

MARCHESA

MARCHESA NOTTE

MARCO BICEGO

MARIA TASH

MARIANI

MARIE LICHTENBERG

MARINA B

MARISSA COLLECTIONS

MARISSA DIAMONDS

MARK CROSS

MARK DAVIS

MARKARIAN

MARLA AARON

MARNI

MARQUES' ALMEIDA

MARY KATRANTZOU

MARY SMALLWOOD

MASON & BOOKS

MATTIA CIELO

MAX MARA

MAYGEL CORONEL

MEHRY MU

MELISSA KAYE



MEREDITH YOUNG

MESSIKA

MICHAEL KORS COLLECTION

MICHAEL KORS WATCH

MICHELLE WILHITE

MINNIE ROSE

MIRONOVA

MISSONI

MIZUKI

MODERN MOOD

MOKSH

MONICA RICH KOSANN

MONICA SORDO

MONIQUE LHUILLIER

MOREAU

MORITZ GLIK

MOTHER

MYSTIQUE

NAEEM KHAN

NANIS

NEOMETAL

NEVERNOT

NIKOS KOULIS

NOUVEL HERITAGE

ODEEH

OF RARE ORIGIN

OLIVER PEOPLES

ONDYN

ORLEBAR BROWN

ORLY MARCEL

OROTON

OSCAR DE LA RENTA

PAMELLA ROLAND

PAOLA SIGHINOLFI

PAOLITA

PARIS TEXAS



PARULINA

PATBO

PEDRO GARCIA

PERFECT MOMENT

PESERICO

PETER COHEN

PETER PILOTTO

PHILLIPS HOUSE

PHILOSOPHY

PIERRE HARDY

PIRANESI

POOLSIDE

PRADA

RABANNE

RACHEL GILBERT

RAFFAELLO BETTINI

RAG & BONE

RALPH LAUREN

RANI ARABELLA

RAQUEL DINIZ

RAY-BAN

REDLINE

REEM ACRA

REPOSSI

RETROFETE

RETROUVAI

RHODE

RIVERS EIGHT

RIVIERAS

ROBERTO CAVALLI

ROBERTO DEMEGLIO

ROBINSON PELHAM

RODARTE

ROEN

ROKSANDA

ROLAND MOURET



ROSIE ASSOULIN

RUCHI NEW YORK

SABLYN

SABOO FINE JEWELS

SAFIYAA

SAINT LAURENT

SALONI

SARA BATTAGLIA

SARA ROKA

SARA WEINSTOCK

SELF-PORTRAIT

SELIM MOUZANNAR

SENSI STUDIO

SERGIO ROSSI

SERPUI

SEVAN BICAKCI

SHAY JEWELRY

SIDNEY GARBER

SILVIA FURMANOVICH

SILVIA TCHERASSI

SIMKHAI

SISLEY

SMYTHE

SOLACE LONDON

SONIA RYKIEL

SOPHIA WEBSTER

SOPHIE BILLE BRAHE

SOPHIQUE

SORELLINA

SPANX

SPINELLI KILCOLLIN

SPRWMN

STATE PROPERTY

STAUD

STEFERE

STELLA MCCARTNEY



STEPHANIE ANDERS XO

STORROW

STREETS AHEAD

SUNBUNCH

SUPER SMALLS

SUSAN BENDER

SUTRA

SUZANNE KALAN

SYDNEY EVAN

SYLVA & CIE

SYLVIA TOLEDANO

TAMARA COMOLLI

TAMMY FENDER

TANYA FARAH

TEMPERLEY LONDON

TEMPTATION POSITANO

TEN THOUSAND THINGS

THE LOVE KNOT

THE LUMINARIES BY COUTURE

THE SEI

TKEES

TODD REED

TONY DUQUETTE

TWP

ULLA JOHNSON

UNCOMMON MATTERS

UNIFORM OBJECT

VALERIE KHALFON

VAN

VAN PALMA

VANESSA BRUNO

VEJA

VERDURA

VERONICA BEARD

VERSACE

VHERNIER



VICTOR VELYAN

VICTORIA BECKHAM

VIKTOR & ROLF

VINCE

VINTNERS DAUGHTER

VIRA

VRAM

WALTERS FAITH

WANDLER

WE EAT AVOCADO TOAST

WENDY YUE

WESTMAN ATELIER

WITH LOVE

WOLFORD

YEPREM JEWELLERY

YI COLLECTION

YVEL

ZAHN-Z

ZEYNEP ARÇAY

ZIMMERMANN

ZOE CHICCO

ZONDA NELLIS

64 FACETS

## get marissa mail

### STAY CONNECTED WITH US VIRTUALLY

Email                          SEND

SHOP FASHION

CUSTOMER SERVICE

CONTACT US



MARISSA COLLECTIONS

PARTNER

EXPERIENCE



#4

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss,

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET,

*Plaintiffs*,

v.

BOUTIQUE TERE, INC. d/b/a MARISSA
COLLECTIONS,
JAY HARTINGTON,
MARISSA HARTINGTON, and
BURT HARTINGTON,

*Defendants*.

Filed 05/19/2025

2575CV00021

Civil Action No. _____

### PLAINTIFFS' REQUEST FOR SHORT ORDER OF NOTICE REGARDING ITS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND, AFTER HEARING, PRELIMINARY INJUNCTION

Plaintiffs Katherine Jetter and Katherine Jetter Ltd. d/b/a The Vault Nantucket (collectively, "The Vault" and "Plaintiffs") respectfully move for a Short Order of Notice so that their Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction may be heard at 2:00 p.m. on Wednesday, May 21, 2025, or as soon thereafter as the Court is available.  In support of this Motion, Plaintiffs state as follows:

As set forth in Plaintiffs' Verified Complaint, Plaintiffs assert claims against Boutique Tere, Inc. (d/b/a Marissa Collections), Jay Hartington, Marissa Hartington, and Burt Hartington (collectively, "Defendants," and with Plaintiffs, the "Parties"), for breach of contract (Counts I-II), breach of the implied covenant of good faith and fair dealing (Count III), tortious interference (Count IV), violations of M.G.L. c. 93A (Count V), misappropriation of trade secrets in violation

1

of M.G.L. c. 93, §§ 42 – 42G (Count VI), misappropriation of confidential business information (Count VII), conversion (Count VIII), unjust enrichment (Count IX), and declaratory judgment (Count X).

For the reasons set forth in the documents filed contemporaneously herewith, Plaintiffs seek emergency injunctive relief in the form of the Proposed Order attached as <u>Exhibit A</u> to Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction. Plaintiffs seek expedited notice and hearing so that the Court can consider their requested relief as soon as practicable to prevent further irreparable harm.

Furthermore, Plaintiffs have served this Motion and the following documents filed herewith via email upon Counsel for Defendants on May 19, 2025:

1.      Plaintiffs' Verified Complaint and Exhibits thereto;

2.      Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction, with Proposed Order;

3.      Plaintiffs' Memorandum of Law in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction; and

4.      Affidavit of John F. Ferraro in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and, After Hearing, Preliminary Injunction and Exhibits thereto.

**WHEREFORE**, Plaintiffs respectfully move this Court for a Short Order of Notice for a hearing on its motion at 2:00 p.m. on Wednesday, May 21, 2025, or as soon thereafter as the Court is available.

Respectfully submitted,

KATHERINE JETTER and
KATHERINE JETTER LTD. d/b/a THE
VAULT NANTUCKET

By their attorneys,

_____
Aliki Sofis (BBO# 675777)
Kathleen Marini (BBO# 698420)
John F. Ferraro (BBO# 711818)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
kathleenmarini@quinnemanuel.com
johnferraro@quinnemanuel.com

Dated:  May 19, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Ferraro, hereby certify that on May 19, 2025, I caused the foregoing document

to be served via email upon counsel for Defendants:

Lawrence G. Horsburgh (Massachusetts BBO # 679997)
Gunster, Yoakley & Stewart, P.A.
450 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
lhorsburgh@gunster.com

M. Travis Hayes, Esq.
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive
Naples, FL 34108
thayes@gunster.com

*Counsel for Defendants*

/s/ *John F. Ferraro*
John F. Ferraro

**quinn emanuel** trial lawyers | boston

111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7145**

WRITER'S EMAIL ADDRESS
**johnferraro@quinnemanuel.com**

May 20, 2025

<u>**VIA E-FILE**</u>

Nantucket County Superior Court
Civil Clerk's Office
Attn: Clerk Colleen Whelden
16 Broad Street
Nantucket, MA 02544

Filed 05/20/2025

Re:   <u>Katherine Jetter and Katherine Jetter LTD. (d/b/a The Vault Nantucket) v. Boutique Tere, Inc. (d/b/a Marissa Collections)</u>, *et al.*, Case No. 2575-CV-00021

Dear Clerk of Court:

On behalf of Plaintiffs Katherine Jetter and Katherine Jetter Ltd. (d/b/a The Vault Nantucket), Plaintiffs write to request issuance of summonses to all Defendants in the above-captioned matter, as well as notices of hearing for Plaintiffs' pending Motion for a Temporary Restraining Order, and, After Hearing, Preliminary Injunction. Please do not hesitate to contact me at the information below should the Court require any additional information.

Very truly yours,

*/s/ John F. Ferarro*
John F. Ferraro, Esq. (BBO# 711818)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7145 Direct
617.712.7100 Main Office Number

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**2575CV00021** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**Katherine Jetter Ltd., d/b/a The Vault Nantucket et al vs. Boutique** ~~Tere, Inc. (d/b/a) Marissa Collections et al~~ | | Colleen S. Whelden<br>Nantucket County |
| To:<br>**Boutique Tere, Inc. (d/b/a) Marissa Collections** | | COURT NAME & ADDRESS<br>Nantucket County Superior Court ✶<br>16 Broad Street<br>P. O. Box 967<br>Nantucket, MA 02554 |

To the above named defendant(s):

    You are hereby summoned and required to serve upon:        Filed 05/22/2025

> **Aliki Sofis, Esq.**
> **Quinn Emanuel Urquhart and Sullivan LLP**
> **111 Huntington Ave**
> **Suite 520**
> **Boston, MA 02199**

    an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Nantucket either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 05/27/2025**

**Time: 11:00 AM**

**Event Type: In Person**

**Session/ Courtroom Location:**

        ✶   This hearing is being held in BARNSTABLE SUPERIOR COURT,
           Main Session

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**05/20/2025** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Michael D Ricciuti** | ASSOCIATE JUSTICE<br>**Hon. Elaine M Buckley** | CLERK<br>X *Colleen S. Whelden* |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____MAY 2 1 2025_____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X *Dina Schleifer*

*QUINN EMANUEL URQUHART & SULLIVAN, LLP 295 5TH AVENUE NEW YORK, NY 10016*

| | |
|---|---|
| | Client's File No.: _____ |
| **AFFIDAVIT OF SERVICE** | Index Number: **2575CV00021** |
| | Date Filed: **May 19, 2025** |
| | Court Date: |

**COMMONWEALTH OF MASSACHUSETTS, NANTUCKET
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

_____ :

*KATHERINE JETTER and KATHERINE JETTER LTD. d/b/a THE VAULT NANTUCKET,*

Plaintiff

*vs*

*BOUTIQUE TERE, INC. d/b/A MARISSA COLLECTIONS, et al.,*

Defendant

_____

STATE OF  FLORIDA COUNTY OF    COLLIER  SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of   Florida

That on the following date:    May 21, 2025    , at the following time:    1:52 PM    ,
at    BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, 1167 3RD STREET SOUTH, SUITE 207, NAPLES, FL 34102    deponent served the within
Summons and Order of Notice, Verified Complaint and Jury Demand with Exhibits, Civil Action Cover Sheet and Civil Tracking Order

[X] Papers so served were properly endorsed with the Index Number and date of filing.
Upon:    **BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS**

| | |
|---|---|
| [ ] **Individual** | By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein. |
| [ ] **Responsible Person** | By delivering to and leaving with _____, _____ Relationship<br>a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's<br>[ ] dwelling place    [ ] place of business/employment    [ ] last known address within the State.  [ ] usual place of abode |
| [X] **Corporation LLC / LLP** | By delivering to and leaving with    Jay Hartington    said individual to be    Authorized Person<br>who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity. |
| [ ] **Affixing To Door** | By affixing a true copy thereof to the door, being the defendant/respondent's  [ ] dwelling place    [ ] place of business/employment<br>[ ] last known address within the State. [ ] usual place of abode |
| [ ] **Previous Attempts** | Deponent previously attempted to serve the above named defendant/respondent on: |
| **Perceived Description of Recipient** | Gender:  Male    Race:    White    Color of hair: Black/White    Age:   40 - 50 Yrs.    Height:   5ft 9inch - 6ft 0inch<br>Weight:   161-200 Lbs.    Other Features: _____ |
| [ ] **Mail** | A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed First Class mail to the above address _____ .<br>on |
| [ ] **WITNESS FEES** | Subpoena Fee Tendered in the amount of  $. |
| [ ] **MILITARY SERVICE** | I asked the person spoken to whether defendant was in active military service of the United States in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| [X] **Other** | Jay asked me why was I serving him all these papers again and that he already got them 2 days ago.  He also said this is a waste of paper. |

Sworn to before me on    MAY 2 1 2025

*Dan C. Collardey*

*Dina Schleifer*

PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Dina Schleifer

PROCESS SERVER LICENSE # 157547

*COURT SUPPORT, INC., 265 POST AVE #150, WESTBURY, NY 11590 LICENSE #1382542-DCA*        **Work Order #  1498899**



DAN C. COLLARDEY
Commission # HH 619398
Expires December 8, 2028

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2575CV00021 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**Katherine Jetter Ltd., d/b/a The Vault Nantucket et al vs. Boutique**<br>~~Tere, Inc. (d/b/a) Marissa Collections et al~~ | Colleen S. Whelden<br>Nantucket County |
|---|---|
| To:<br>**Marissa Hartington** | COURT NAME & ADDRESS<br>Nantucket County Superior Court *<br>16 Broad Street<br>P. O. Box 967<br>Nantucket, MA 02554 |

To the above named defendant(s):

Filed 05/22/2025

You are hereby summoned and required to serve upon:

**Aliki Sofis, Esq.**
**Quinn Emanuel Urquhart and Sullivan LLP**
**111 Huntington Ave**
**Suite 520**
**Boston, MA 02199**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Nantucket either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: 05/27/2025

Time: 11:00 AM

Event Type: In Person

**Session/ Courtroom Location:**

* This hearing is being held in BARNSTABLE SUPERIOR COURT, Main Session

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**05/20/2025** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Michael D Ricciuti** | ASSOCIATE JUSTICE<br>**Hon. Elaine M Buckley** | CLERK<br>X *Colleen S. Whelden* |
|---|---|---|---|

I hereby certify and return that on ___MAY 2 1 2025___, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X *Dina Schaefer*

Date/Time Printed: 05-20-2025 15:06:06

*Quinn Emanuel Urquhart & Sullivan, LLP 295 5th Avenue New York, NY 10016*

Client's File No.: _____

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| Index Number: | 2575CV00021 |
| Date Filed: | May 19, 2025 |
| Court Date: | |

COMMONWEALTH OF MASSACHUSETTS, NANTUCKET
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

_____ :

*KATHERINE JETTER and KATHERINE JETTER LTD. d/b/a THE VAULT NANTUCKET,*

*Plaintiff*

**vs**

*BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, et al.,*

*Defendant*

STATE OF  FLORIDA COUNTY OF     COLLIER  SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of   Florida

That on the following date:     May 21, 2025     , at the following time:     1:52 PM     ,

at     BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, 1167 3RD STREET SOUTH, SUITE 207, NAPLES, FL 34102     deponent served the within

Summons and Order of Notice, Verified Complaint and Jury Demand with Exhibits, Civil Action Cover Sheet and Civil Tracking Order

[X] Papers so served were properly endorsed with the Index Number and date of filing.

Upon:  **MARISSA HARTINGTON**
_____

| | |
|---|---|
| [ ] **Individual** | By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein. |
| [X] **Responsible Person** | By delivering to and leaving with     Jay Hartington     ,     Family Member   *Relationship* |
| | a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's [ ] dwelling place  [X] place of business/employment  [ ] last known address within the State. [ ] usual place of abode |
| [ ] **Corporation LLC / LLP** | By delivering to and leaving with     said individual to be     who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity. |
| [ ] **Affixing To Door** | By affixing a true copy thereof to the door, being the defendant/respondent's  [ ] dwelling place   [ ] place of business/employment  [ ] last known address within the State. [ ] usual place of abode |
| [ ] **Previous Attempts** | Deponent previously attempted to serve the above named defendant/respondent on: |

| **Perceived Description of Recipient** | Gender:  Male     Race:     White     Color of hair: Black/White     Age:   40 - 50 Yrs.     Height:   5ft 9inch - 6ft 0inch |
|---|---|
| | Weight:   161-200 Lbs.     Other Features: |

| | |
|---|---|
| [X] **Mail** | A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed First Class mail to the above address     May 21, 2025     . on |
| [ ] **WITNESS FEES** | Subpoena Fee Tendered in the amount of  $. |
| [X] **MILITARY SERVICE** | I asked the person spoken to whether defendant was in active military service of the United States in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| [X] **Other** | Jay asked me why was I serving him all these papers again and that he already got them 2 days ago.  He also said this is a waste of paper. |

Sworn to before me on     MAY 2 1 2025

_____
Dina Schleifer

PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Dina Schleifer

PROCESS SERVER LICENSE # 157547

*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542-DCA*          **Work Order #  1498901**



DAN C. COLLARDEY
Commission # HH 619398
Expires December 8, 2028

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER **2575CV00021** | **Trial Court of Massachusetts** **The Superior Court** |
|---|---|---|

| CASE NAME: **Katherine Jetter Ltd., d/b/a The Vault Nantucket et al vs. Boutique** ~~Tere, Inc. (d/b/a) Marissa Collections et al~~ | Colleen S. Whelden Nantucket County |
|---|---|
| To: **Jay Hartington** | COURT NAME & ADDRESS Nantucket County Superior Court   * 16 Broad Street P. O. Box 967 Nantucket, MA 02554 |

To the above named defendant(s):

　　　　You are hereby summoned and required to serve upon:　　　　　Filed 05/22/2025

　　　　　　　**Aiiki Sofis, Esq.**
　　　　　　　**Quinn Emanuel Urquhart and Sullivan LLP**
　　　　　　　**111 Huntington Ave**
　　　　　　　**Suite 520**
　　　　　　　**Boston, MA 02199**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Nantucket either before service upon plaintiff's attorney or within a reasonable time thereafter.

　　　　Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

　　　　　　　　　　　　　　**Date: 05/27/2025**

　　　　　　　　　　　　　　**Time: 11:00 AM**

**Session/ Courtroom Location:**　　　　**Event Type: In Person**

　　　　　　　　　　* This hearing is being held in BARNSTABLE SUPERIOR COURT, Main Session

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED **05/20/2025** | CHIEF JUSTICE OF THE SUPERIOR COURT Witness: **Hon. Michael D Ricciuti** | ASSOCIATE JUSTICE **Hon. Elaine M Buckley** | CLERK X *Colleen S Whelch* |
|---|---|---|---|

I hereby certify and return that on ___MAY 2 1 2025___, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X *Dena Schleifea*

SCV021 09/2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP 295 5TH AVENUE New York, NY 10016

| | Client's File No.: _____ |
|---|---|
| **AFFIDAVIT OF SERVICE** | Index Number: 2575CV00021 |
| | Date Filed: May 19, 2025 |
| COMMONWEALTH OF MASSACHUSETTS, NANTUCKET | Court Date: |
| SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT | : |

*KATHERINE JETTER and KATHERINE JETTER LTD. d/b/a THE VAULT NANTUCKET,*

*Plaintiff*

**vs**

*BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, et al.,*

*Defendant*

STATE OF FLORIDA COUNTY OF COLLIER SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of Florida

That on the following date: May 21, 2025 , at the following time: 1:52 PM ,

at BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, 1167 3RD STREET SOUTH, SUITE 207, NAPLES, FL 34102 deponent served the within

Summons and Order of Notice, Verified Complaint and Jury Demand with Exhibits, Civil Action Cover Sheet, Plaintiffs' Emergency Motion for Temporary Restraining Order and, After Hearing, Preliminary Injunction with Exhibit A, Proposed Order on Plaintiffs' Emergency Motion, Memorandum in Support, Affidavit of John F. Ferraro, Esq. in Support with Exhibits, Request for Short Order of Notice Regarding it's Emergency Motion for Temporary Restraining Order and, After Hearing, Preliminary Injunction and Civil Tracking Order

[X] Papers so served were properly endorsed with the Index Number and date of filing.

Upon: **JAY HARTINGTON**
_____

[X] **Individual**   By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein.

[ ] **Responsible**   By delivering to and leaving with _____ , _____
**Person**     Relationship
a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's
[ ] dwelling place   [ ] place of business/employment   [ ] last known address within the State. [ ] usual place of abode

[ ] **Corporation**   By delivering to and leaving with _____ said individual to be
**LLC / LLP**   who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

[ ] **Affixing**   By affixing a true copy thereof to the door, being the defendant/respondent's   [ ] dwelling place   [ ] place of business/employment
**To Door**   [ ] last known address within the State. [ ] usual place of abode

[ ] **Previous**   Deponent previously attempted to serve the above named defendant/respondent on:
**Attempts**

**Perceived**   Gender: Male   Race: White   Color of hair: Black/White   Age: 40 - 50 Yrs.   Height: 5ft 9inch - 6ft 0inch
**Description**
**of Recipient**   Weight: 161-200 Lbs.   Other Features: _____

[ ] **Mail**   A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained
by the U. S. P. S. and mailed First Class mail to the above address _____
on

[ ] **WITNESS**   Subpoena Fee Tendered in the amount of $.
**FEES**

[X] **MILITARY**   I asked the person spoken to whether defendant was in active military service of the United States in any capacity whatever and
**SERVICE**   received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above
narrated.

[X] **Other**   Jay asked me why was I serving him all these papers again and that he already got them 2 days ago. He also said this is a waste of
paper.

Sworn to before me on    MAY 2 1 2025

*Dina Schleifer*

PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Dina Schleifer

PROCESS SERVER LICENSE # 157547

*COURT SUPPORT, INC.*, 265 POST AVE #150, WESTBURY, NY 11590 LICENSE #1382542-DCA    **Work Order # 1498900**



DAN C. COLLARDEY
Commission # HH 619398
Expires December 8, 2028

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2575CV00021 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**Katherine Jetter Ltd., d/b/a The Vault Nantucket et al vs. Boutique Tere, Inc. (d/b/a) Marissa Collections et al** | Colleen S. Whelden<br>Nantucket County |
|---|---|
| To:<br>**Burt Hartington** | COURT NAME & ADDRESS<br>Nantucket County Superior Court    *<br>16 Broad Street<br>P. O. Box 967<br>Nantucket, MA 02554 |

To the above named defendant(s):

Filed 05/22/2025

You are hereby summoned and required to serve upon:

**Aliki Sofis, Esq.**
**Quinn Emanuel Urquhart and Sullivan LLP**
**111 Huntington Ave**
**Suite 520**
**Boston, MA 02199**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Nantucket either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 05/27/2025**

**Time: 11:00 AM**

**Session/ Courtroom Location:**            **Event Type: In Person**

*    This hearing is being held in BARNSTABLE SUPERIOR COURT,
Main Session

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>05/20/2025 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Michael D Ricciuti** | ASSOCIATE JUSTICE<br>**Hon. Elaine M Buckley** | CLERK<br>X *Colleen S. Whld* |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____ MAY 2 1 2025 _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X *Dina Schleifer*

Date/Time Printed: 05-20-2025 15:06:06                                                                 SCV021.89/2024

*QUINN EMANUEL URQUHART & SULLIVAN, LLP 295 5TH AVENUE NEW YORK, NY 10016*

Client's File No.: _____

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| Index Number: | **2575CV00021** |
| Date Filed: | **May 19, 2025** |
| Court Date: | _____ |

COMMONWEALTH OF MASSACHUSETTS, NANTUCKET
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

: _____



### *KATHERINE JETTER and KATHERINE JETTER LTD. d/b/a THE VAULT NANTUCKET,*

*Plaintiff*

*vs*

### *BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, et al.,*

*Defendant*

STATE OF  FLORIDA COUNTY OF     COLLIER  SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of   Florida

That on the following date:    May 21, 2025    , at the following time:    1:52 PM    ,

at    BOUTIQUE TERE, INC. d/b/a MARISSA COLLECTIONS, 1167 3RD STREET SOUTH, SUITE 207, NAPLES, FL 34102    deponent served the within

Summons and Order of Notice, Verified Complaint and Jury Demand with Exhibits, Civil Action Cover Sheet and Civil Tracking Order

[X] Papers so served were properly endorsed with the Index Number and date of filing.

Upon:   **BURT HARTINGTON**

| | | |
|---|---|---|
| [ ] **Individual** | By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein. | |
| [X] **Responsible Person** | By delivering to and leaving with        Jay Hartington        ,        Family Member **Relationship** | |
| | a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's [ ] dwelling place   [X] place of business/employment   [ ] last known address within the State. [ ] usual place of abode | |
| [ ] **Corporation LLC / LLP** | By delivering to and leaving with        said individual to be who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity. | |
| [ ] **Affixing To Door** | By affixing a true copy thereof to the door, being the defendant/respondent's   [ ] dwelling place   [ ] place of business/employment [ ] last known address within the State. [ ] usual place of abode | |
| [ ] **Previous Attempts** | Deponent previously attempted to serve the above named defendant/respondent on: | |

| Perceived Description of Recipient | | |
|---|---|---|
| Gender:   Male   Race:   White   Color of hair: Black/White   Age:   40 - 50 Yrs.   Height:   5ft 9inch - 6ft 0inch |
| Weight:   161-200 Lbs.   Other Features: |

| | |
|---|---|
| [ ] **Mail** | A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed First Class mail to the above address on |
| [ ] **WITNESS FEES** | Subpoena Fee Tendered in the amount of  $. |
| [X] **MILITARY SERVICE** | I asked the person spoken to whether defendant was in active military service of the United States in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| [X] **Other** | Jay asked me why was I serving him all these papers again and that he already got them 2 days ago.  He also said this is a waste of paper. |

Sworn to before me on    MAY 2 1 2025

_Dan C. Collardey_ (signature)

_Dina Schleifer_ (signature)

PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Dina Schleifer

PROCESS SERVER LICENSE # 157547

*COURT SUPPORT, INC., 265 POST AVE #150, WESTBURY, NY 11590 LICENSE #1382542-DCA*

**Work Order #  1498902**



DAN C. COLLARDEY
Commission # HH 619398
Expires December 8, 2028
NOTARY PUBLIC STATE OF FLORIDA